GEORGE H. SHULER, DEFENDANT IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued December 6, 1907—Decided March 2, 1908.

The plaintiff alighted from a street car, passed around the rear platform, and was struck by the corner of the fender of a car approaching at excessive speed on the other track just as he reached the nearest rail of that track. He looked for the approaching car just as he was struck. *Held*, that he was guilty of contributory negligence in failing to wait for the car from which he alighted to move on so as to enable him to look with effect along the other track, and that the fact that the approaching car was running at an excessive speed did not relieve him of the charge of negligence.

---

On error to Hudson Circuit.

For the plaintiff in error, *William D. Edwards* and *Edwin F. Smith.*

For the defendant in error, *Black & Drayton.*

The opinion of the court was delivered by

SWAYZE, J. This case was tried before the decision of this court in *Eagen* v. *Jersey City, Hoboken and Paterson Street Railway Co.,* 45 *Vroom* 699, and the trial judge pursued the same course that had been pursued at the trial of that case. The only facts which distinguish the present case are that the speed of the car which struck the plaintiff was excessive, and that he had barely reached the nearest rail, instead of the middle of the track.

The excessive speed of the car is persuasive of negligence on the part of the defendant, but we fail to see how it relieves the plaintiff of the charge of contributory negligence for not looking, or for not waiting until the obstruction to his vision by the car from which he had alighted was removed. The speed of the car in no way prevented him from seeing its approach, and the faster it was going the less excuse he had for advancing in a direction across its track. If it were going so fast that the motorman obviously did not intend to respect his right, he would have been guilty of negligence in attempting to cross. *Earle* v. *Consolidated Traction Co.,* 35 *Vroom* 573.

The fact that he had only reached the rail, and was struck merely by the corner of the fender, bears against the plaintiff. In the Eagen case the jury might have found that the plaintiff had reached the middle of the track. If so, there was at least a chance for the inference that the motorman might have seen him in time to avoid the accident if he had the car under proper control. In the present case the position of the plaintiff was such that the motorman could not have seen him until the front platform of the approaching car was abreast of the rear platform of the car from which the plaintiff had just alighted.

We cannot distinguish the case in any feature helpful to the plaintiff from the Eagen case, and think there should have been a nonsuit.

The judgment must therefore be reversed.

*For affirmance*—The Chancellor, Bogert, J.    2.

*For reversal*—The Chief Justice, Garrison, Swayze, Reed, Trenchard, Bergen, Vroom, Green, Dill, J.J.    9.