TIMOTHY D. DONAHUE, JR., *vs.* MASSACHUSETTS NORTHEASTERN STREET RAILWAY COMPANY.

Essex.   October 21, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway.

At the trial of an action of tort for personal injuries received by a boy ten years of age against a street railway company, there was evidence merely that the boy with a companion was walking on the sidewalk by a street in which was a street railway track, the nearer rail of which was three and one half feet from the curb, when he "heard the approach of the car coming about one hundred thirty feet back . . . as he thought, not going very fast," that the boys continued on their way to a point between one hundred sixty and one hundred eighty feet from the last stopping place of the car, and were talking of crossing the street when the plaintiff's hat was blown upon the track and he, thinking that he had time to recover it with safety, ran about four feet from the curb to the middle of the track, where he stopped to pick up his hat and was struck by the car which approached at a speed of twenty miles an hour. It did not appear that any warning signal of the approach of the car was given, nor that there was any obstruction to the view between the place of the accident and the last stopping place of the car. *Held,* that the evidence did not warrant a submission of the case to the jury.

TORT for personal injuries received by the plaintiff, a boy ten years of age, when he was run into by an electric street car of the defendant. Writ dated July 9, 1913.

In the Superior Court the case was tried before *Raymond, J.*

At the close of the plaintiff's evidence, the material portions of which are described in the opinion, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*R. E. Burke & E. E. Crawshaw,* for the plaintiff.

*J. J. Ryan, R. C. Pingree & J. T. Fitzgerald,* for the defendant.

PIERCE, J.   Stating the testimony in its aspect most favorable to the plaintiff's contention, the evidence warranted the jury in finding that the defendant maintained a street railway which ran from Newburyport Square along Merrimack Street in Newburyport to Amesbury Square, the running time between the two places being thirty minutes; that between Olive Street and Merrill Street (between which points the accident happened) the near rail of the defendant's track was about three and eight tenths feet from the curbing of the sidewalk; that the car which struck the plaintiff was about fifteen minutes late; that the last stop of the car before the accident was at Olive Street, a distance of one hundred and sixty to one hundred and eighty feet from the place where the accident happened; that the plaintiff and his companion, both boys about ten years of age, were walking on the sidewalk northerly in the direction in which the car was approaching; that the plaintiff, as he walked along Merrimack Street toward White's Court, "heard the approach of the car coming about one hundred and thirty feet back near his uncle's store, as he thought, not going very fast;" that the boys continued their walk until they came to a pole standing on the north side of White's Court, or (as the plaintiff's companion testified) to a gate sixty feet north of White's Court; that as one or the other of these positions was reached they were speaking of crossing the street to go home; that at this moment the plaintiff's hat blew off on to the track, and the plaintiff, thinking that he had time to get his hat in safety, ran a distance of about four feet from the curb of the sidewalk to the middle of the track, where he was struck by the car while stooping to pick it up.   It did not appear that any gong was sounded or whistle blown, nor did it appear that there was any obstruction to the view between Olive Street and the place of the accident.   The testimony further warranted a finding that the car was running at the rate of twenty miles an hour, and that "it stopped quickly, for what the car was going."

Under all the circumstances we are of opinion that the evidence did not warrant a submission to the jury of the issue of the defendant's negligence predicated·upon the fact that the motorman ran his car between streets at the rate of twenty miles an hour, or upon his alleged failure to sound the gong, to blow the whistle, or to anticipate that a boy of the plaintiff's age would rush suddenly and impetuously upon the track and, in the face of an oncoming and plainly visible car, stop there. The direction of the verdict for the defendant was clearly right.

*Exceptions overruled.*