WILLIAM J. LOVETT, administrator, *vs.* EDWARD H. SCOTT.

Suffolk.    March 4, 1919. — April 2, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Motor vehicle, Causing death.

If the driver of a motor truck loaded with furniture, after turning to the left to pass a "cracker wagon" standing by the right hand curbing of a street, turns to the right, "going at a moderate speed" without blowing the horn when he is in front of the horse attached to the wagon, and a boy eight years and four months old leaves the sidewalk near the horse's head and walks or runs into the street, where he is struck by the right hand side of the front fender of the motor truck and is killed, in an action against the owner of the motor truck for causing the boy's death, these facts afford no evidence of negligence on the part of the defendant's servant operating the motor truck, because under the circumstances shown the sudden presence of the boy in the path of the truck could not reasonably have been foreseen.

TORT by the administrator of the estate of Charles J. Lovett for causing the death of the plaintiff's intestate on February 23, 1917, when he was eight years and four months of age, by knocking him down with a motor truck alleged to have been operated negligently by a servant of the defendant. Writ dated April 13, 1917.

In the Superior Court the case was tried before *Fessenden,* J. The facts most favorable to the plaintiff which could have been

found upon the evidence are stated in the opinion. At the close of the evidence the judge, at the defendant's request, ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*S. C. Brackett,* for the plaintiff.

*A. S. Allen,* for the defendant.

PIERCE, J. Stating the testimony in its aspect most favorable to the plaintiff's contention, the evidence warranted the jury in finding that the accident and injury to the plaintiff's intestate occurred on February 23, 1917, at about 4:10 P. M. at a place three feet from the edge of the sidewalk on the right hand side of Columbia Road in Dochester, leading from Upham's Corner to Franklin Park, in front of a small grocery store; that at the time of the accident a servant of the defendant, in the prosecution of the business of the defendant, was driving a two-ton motor truck with a load of furniture upon it in the direction of Franklin Park; that the truck had crossed Devon Street, distant from the place of the accident "about twice the length of the court room," had then proceeded over that distance until it came to the rear of a "cracker wagon" which was standing next to the curbing in front of the small grocery store, with the horse headed in the direction of Franklin Park; that the truck was turned to the left to pass the "cracker wagon" to about the centre of the street; that the driver went by the "cracker wagon as close as he could" and then, "going at a moderate speed" without blowing the horn in front of the horse, turned toward the sidewalk on the right side; that at this moment the plaintiff's intestate, eight years and four months old and "a very bright boy indeed," left the sidewalk near the horse's head and walked or ran into the street five or six steps before he was hit by the "right side" of the front fender or by the "right hand side of the automobile." In these circumstances no one could reasonably foresee the sudden presence of the plaintiff's intestate in the path of the automobile, or prevent a collision with him. *Donahue* v. *Massachusetts Northeastern Street Railway,* 222 Mass. 233. *O'Donnell* v. *Bay State Street Railway,* 226 Mass. 418. *Mercier* v. *Union Street Railway,* 230 Mass. 397, 405.

In the opinion of a majority of the court the direction of the verdict for the defendant was clearly right.

*Exceptions overruled.*