[No. 17639. Department One. March 27, 1923.]

## JAMES J. SHANLEY, *Appellant,* v. EARL A. HADFIELD, *Respondent.*[1]

HIGHWAYS (52, 57)—NEGLIGENT USE—CONTRIBUTORY NEGLIGENCE —EVIDENCE—SUFFICIENCY. A pedestrian, struck while crossing the road, is guilty of contributory negligence as a matter of law, where he reached the center of the road without looking for approaching cars from the north that he would first encounter, and, stopping for a car from the south, jumped back in front of the car from the north.

SAME (52)—NEGLIGENCE—LAST CLEAR CHANCE. The doctrine of last clear chance does not apply where a pedestrian, crossing a road, stopped and suddenly jumped back in front of an approaching stage that was then upon him.

Appeal from a judgment of the superior court for King county, Brinker, J., entered January 4, 1922, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*John F. Dore,* for appellant.

*Poe & Falknor,* for respondent.

HOLCOMB, J.—In this action for personal injuries sustained while appellant was crossing the Pacific Highway on foot on August 8, 1920, after night, a verdict for $4,000 in his favor was set aside and judgment n. o. v. rendered for respondent by the trial court. Respondent had previously moved for nonsuit at the close of appellant's case, and thereafter at the close of all of the testimony, the motions being at the times denied.

Respondent was the owner and driver of a stage running between Seattle and Tacoma. The complaint

[1] Reported in 213 Pac. 932.

alleges that appellant, at the time in question, was crossing the highway and that respondent ran him down, through the careless, reckless and negligent manner in which he was operating his automobile stage. The acts of negligence alleged in the complaint are, that the respondent was operating at a reckless speed of thirty-five miles an hour, and that he carelessly and negligently failed to sound a horn; that he operated his automobile in such a careless, reckless and negligent manner and at such a high rate of speed that it was impossible for him to control the machine with the use of the brakes.

Many serious and other injuries were alleged and proven by appellant.

Respondent's answer was a general denial, together with an affirmative defense that appellant was guilty of contributory negligence. The allegations of contributory negligence in the affirmative answer were denied by reply.

The sole question for determination on this appeal is whether the testimony, giving it the most favorable interpretation for appellant that is possible, could sustain the verdict of the jury. The evidence establishes substantially the following facts:

The Pacific Highway, at the point of the accident, runs approximately north and south, and a paved highway connects with it from Auburn, which is about a mile to the east of the Pacific Highway. The Pacific Highway is paved about twenty feet wide at the point in question. On the westerly side of the Pacific Highway is a combined cigar stand, soft drink parlor, dance hall, and gasoline station, all under one roof. The intersection is well lighted at night. At about 9:30 on the evening of the accident, appellant, accompanied by two or three friends, parked his car on the

easterly side of the Pacific Highway almost opposite
the cigar stand and gasoline station, and crossed the
highway for the purpose of purchasing gasoline. They
stayed there for a short time, when appellant started
to cross the highway back to his car. This was at a
point variously estimated by the witnesses to be from
thirty to one hundred and fifty feet south of the con-
nection of the road from Auburn with the Pacific High-
way. Appellant went down the steps of the building
and approached the westerly side of the highway, and
noticed a car coming from the south, going north on
the highway. He could see for a distance of four hun-
dred and fifty feet to the north, and between nine hun-
dred and one thousand and fifty feet to the south. He
proceeded eight or nine feet out on the paved portion
of the Pacific Highway, and then stopped for the north-
bound car to pass him. The north-bound car was, at
that time, fifty or sixty steps south of him, and coming
at a good rate of speed. When this car came up close
to him, he jumped backward and towards the western
side of the highway to avoid the north-bound car. At
the instant he jumped he turned to the left, and at the
same time observed the stage coming from the north
at a distance of thirty, forty or fifty feet from him and
running on the right-hand or westerly side of the high-
way. He thought he had room to go between respond-
ent's stage and the car coming from the south. He
was instantly struck by the left-hand fender of re-
spondent's car, showing that the stage swerved some-
what to the west to avoid him.

There was one witness who testified that appellant
was struck by the right-hand fender of the stage, but
afterwards admitted that he had testified on a prior
trial, involving the same accident, that it was the left-
hand fender that struck appellant. Appellant himself

testified that, when he came down the steps of the
building, he looked to the north and saw no car com-
ing from the north; that he then proceeded out to the
paved portion of the highway, which was three or four
steps, and had taken two or three steps out on the
paved portion of the highway, watching the car com-
ing from the south, when his attention was directed by
something, either the rumbling of the stage, or the
lights glaring on the pavement, and at the same instant
he jumped back to avoid the car coming from the
south, turning to the left, saw the stage. He thought
the stage was going forty or fifty miles an hour; but
it is evident that he had no time to estimate the speed
of the stage, and other witnesses for appellant testi-
fied that it was running thirty to thirty-five miles an
hour. It did not sound any horn or give any other
signal. Appellant himself testified that the stage from
the north was traveling on the right-hand or westerly
side of the highway. He had, therefore, cleared the
line of travel of the stage, and at the same time he
jumped back the stage struck him.

These facts speak for themselves. The stage driver
was negligent in not blowing his horn, or running
faster at that place than conditions justified, or not
doing something to avoid the accident when he saw
appellant on the highway, although it is evident that
the appellant saw, or should have seen, the car himself,
and it is evident that the accident happened so sud-
denly that the driver of the stage could have done
nothing more, when the accident was imminent, than
he did do, and had no last clear chance to avoid the
accident; nevertheless the inattention and the negli-
gence of appellant were the contributing causes of the
accident. The first dictate of caution upon his part
when he stepped down from the steps of the building
upon the highway was to look to his left for vehicles

coming from the northerly direction, which he would first encounter, and ascertain as clearly as possible whether any such vehicles were approaching. It was Sunday night, and at a place where a number of vehicles were in the habit of traveling, and he knew that there were many vehicles traveling at that time on Sunday night on the highway. He directed his attention to vehicles across the road. He indifferently stepped upon the highway without ascertaining whether any vehicle was approaching him within striking distance from the north. When he was in a place of safety; in the middle of the road, or thereabout; thinking himself in danger from the car approaching from the south, he jumped backward, and somewhat sidewise, and jumped directly in the path of the approaching stage from the north, when but an instant before he had been clear of its line of travel. It is no excuse that he was giving his attention to the north-bound automobile on the opposite side of the highway, when the first dictates of prudence demanded that he should first give his attention to the traffic upon that side of the highway which he was then approaching. Ordinary care was, therefore, not exercised to avoid the danger from the vehicle approaching from the north.

Every case of this kind depends largely upon its own facts for determination, but cases where we have held that, as a matter of law, plaintiffs were guilty of contributory negligence barring their recovery upon somewhat similar facts, but involving street railway accidents, are: *Fluhart v. Seattle Elec. Co.*, 65 Wash. 291, 118 Pac. 51; *Hellieson v. Seattle Elec. Co.*, 56 Wash. 278, 105 Pac. 458; *Herrett v. Puget Sound Tr., L. & P. Co.*, 103 Wash. 101, 173 Pac. 1024; *Mouso v. Bellingham & Northern R. Co.*, 106 Wash. 299, 179

Pac. 848; and *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684, an automobile case.

Nor does the last clear chance doctrine apply here, as asserted by appellant. As was said in the last case cited, quoting from *Hartley v. Lasater,* 96 Wash. 407, 165 Pac. 106.

" 'Last clear chance implies thought, appreciation, mental direction and the lapse of sufficient time to effectually act upon the impulse to save another from injury, or the proof of circumstances which will put the one charged to implied notice of the situation. . . . . . A mere statement of the rule reveals its inapplicability to a case where the contributory negligence began and culminated without the lapse of appreciable time. The doctrine is not applied where the negligence is concurrent'."

Nor, we may add, where the negligence is continuous.

Under the facts shown, the minds of reasonable men should not differ as to the contributory negligent of appellant being the cause of the accident and injury. As a matter of law, therefore, he cannot recover.

Judgment affirmed.

MAIN, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.