## Pierce v. Hosman.

(Decided December 4, 1923.)

### Appeal from Union Circuit Court.

1. **Appeal and Error—Briefs Stricken where Questions Not Classified and Authorities Subjoined.**—Briefs should be stricken where they do not conform to rule 3 of the Court of Appeals (154 S. W. vii), requiring a classification of the questions with authorities subjoined.

2. **Municipal Corporations—Pedestrian Coming Suddenly from Behind Standing Car Held Negligent.**—A pedestrian coming suddenly into a street from behind a standing car immediately in front of a moving car is guilty of contributory negligence and not entitled to recover for injuries received.

3. **Municipal Corporations—Pedestrian Must Exercise Ordinary Care to Avoid Contact with Automobile.**—It was the duty of a pedestrian while walking along the driveway of a street which was frequented by automobiles to exercise ordinary care to avoid coming in contact with them and to keep out of their way.

4. **Trial—Instruction as to Duty of Automobilist to Warn Pedestrian Held Embraced in Given Instructions.**—Offered instructions that it was duty of driver of automobile to give warning of approach of his car to pedestrians upon the streets and to give signals when, by reason of obstructions, the driver is unable to see the driveway for a distance of 300 feet, held sufficiently embraced in an instruction given requiring automobilist to sound his horn at such place or places as he had reasonable grounds to anticipate that persons

would be on the street in front of his machine or so near thereto as to be in danger.

VANCE & HEILBRONNER and ALLEN, HARRIS & ALLEN and TRUMAN DRURY for appellant.

MORTON & MORTON and FLOURNOY & FLOURNOY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

The automobile of appellee Hosman struck and injured appellant Pierce while the latter was crossing Court street in the city of Morganfield, about noon on May 22, 1920, and this action for damages in favor of Pierce results. The verdict of the jury being for appellee Hosman, defendant below, Pierce prosecutes this appeal to reverse the judgment entered thereon.

For appellant Pierce it was shown in evidence that he had just come into town in an automobile driven by one Manning, and stopped on Court street opposite appellant's sewing machine store. Appellant alighted and, passing in front of the Manning car, crossed the street to his place of business, left a sewing machine head, and started back across the street to get into the Manning car, when he was suddenly and unexpectedly struck from the rear by the automobile of Hosman; that appellant was about the center of the street, which was clear except for two other automobiles standing, one on the east side and the other on the west side of Court street; that appellant did not see or know of the approach of the Hosman car until it was in about two feet of him, and he did not have time to even take a step until struck; that the car was traveling fast, gave no signal and was making no noise; that appellant was in plain view of one approaching in an automobile as was Hosman for a distance of more than 100 feet.

The evidence for appellee Hosman tends to prove that the cars standing on the street nearly opposite each other almost obstructed the street, which was only about thirty feet wide; that one of them, a large car with top up, was next to appellant's store entrance; that appellant came out of his store and passed behind the big car, and as he emerged he stepped immediately in front of the car driven by appellee, so close that appellee could not avoid striking appellant although all brakes were employed in

emergency to stop the car; that appellee could not see appellant and appellant was not visible on the street to one in appellee's car until the instant appellant stepped from behind the big standing car into the course and immediately in front of appellee's car and was struck; that appellee gave a signal by sounding the horn on his car as he passed the intersection about 100 feet from the place of the accident; that appellee was driving at a very slow rate, not exceeding 5 to 8 miles per hour; that he did not know or have any means of knowing of the presence of appellant at the place of the accident until the instant he was struck.

It is admitted that appellant Pierce was seriously injured by the collision.

As neither the brief of appellant nor of appellee conforms to rule 3 of the court, requiring a classification of the questions with authorities subjoined, it is difficult to determine, without great effort and time, the exact contentions made by the respective parties. Both briefs should be stricken.

Appellant contends that no instruction should have been given by the court on contributory negligence. We cannot agree with this insistence. If, as contended by appellee Hosman, Pierce came suddenly into the street from behind a standing car immediately in front of appellee's car, appellant was guilty of contributory negligence and was not entitled to recover. It was his duty while walking along the driveway of Court street, which was frequented by automobiles, to exercise ordinary care to avoid coming in contact with them and to keep out of their way. A violation of this duty was contributory negligence, barring a recovery. In the case of Bruce's Admr. v. Callahan, 185 Ky. 1, we stated the correlative duties of automobilists and pedestrians using the same street as follows:

"(1) It is the duty of the operator of an automobile at street crossings, as well as at other places used by pedestrians, to keep a lookout, and run his machine at a reasonable rate of speed, and to give warning of its approach; (2) it is the duty of a pedestrian in crossing a street used by automobiles and other vehicles to exercise such care as a person of ordinary prudence would exercise for his own safety in crossing a street at such a crossing, considering the amount and kind of vehicle traffic thereat; he is not obliged as a matter of law to look or

listen for the approach of automobiles in order to keep out of their way, and whether he has exercised the proper degree of care is for the jury to say under all the facts and circumstances shown by the evidence in the case. (3) The pedestrians and the automobilists have equal rights in the streets that are set apart for the use of vehicles as well as for the accommodation of pedestrians, and each has rights that the other is bound to respect. . . .

"It was incumbent upon Mrs. Bruce, however, to exercise that degree of care which reasonably prudent persons usually exercise in crossing streets in a busy center under facts and circumstances similar to those which obtained on the morning and at the place of the accident in question. If she did not exercise such care her estate is not entitled to recover, even though the driver of the Calhoun car was negligent."

Appellant offered instructions "A" and "B," which were rejected by the court, no doubt on the ground that the court had given instructions which, in substance, presented the same issues to the jury. The offered instruction "A" only directed the jury that it was the duty of the driver of the Hosman car to give warning of the approach of his car to pedestrians upon the streets; and the offered instruction "B" required drivers of motor cars to give similar signals when, by reason of obstructions, the driver is unable to see the driveway for a distance of 300 feet. All this we think is embraced splendidly in instruction No. 1, wherein the court, in substance, said: It was the duty of the defendant, Robert T. Hosman, in operating the automobile at the time in question, to run the said automobile at a reasonable rate of speed, to keep a reasonable lookout for persons on the street in front of said automobile, or so near in front of it as to be in danger of being struck by the automobile, and at such place or places as he had reasonable grounds to anticipate that persons would be on the carriage way of the street in front of said machine, or so near thereto as to be in danger of the approach of the automobile to such place by sounding the horn, and to keep the automobile under reasonable control and to exercise ordinary care to so operate the automobile as to avoid coming into collision with persons on the street; and if you believe from the evidence in this case that the defendant, Hosman, failed to perform such duties, or any of them, and thereby caused the automobile to strike and bruise and injure the plain-

tiff Pierce, the law is for the plaintiff and you will find a verdict for the plaintiff. But unless you so believe from the evidence, as above stated, the law of this case is for the defendant and you should so find.''

This was followed by an instruction on the duty of a pedestrian crossing streets, and directed the jury to find for the defendant if it believed from the evidence that Pierce failed to exercise ordinary care to avoid coming into collision with or being struck by an automobile on the street, or if it believed from the evidence that Pierce failed to exercise such care, and his failure contributed to bring about the injury, but for which it would not have occurred.

We think these instructions, added to the others given, presented in a complete and understandable way the whole law of the case.

We find no error to the prejudice of appellant, and the judgment is affirmed.

Judgment affirmed.