RAY PETTIJOHN, Appellee, v. J. B. WEEDE, Appellant.

No. 39857.

NOVEMBER 21, 1929.

REHEARING DENIED FEBRUARY 15, 1930.

*C. C. Putnam* and *Guy S. Calkins,* for appellant.

*Parsons & Mills* and *Volney Diltz,* for appellee.

FAVILLE, J.—The accompanying plat will assist in an understanding of the facts involved in this case. Tenth Street in the city of Des Moines runs north and south. Center Street runs  east and west. Keosauqua Way runs northwest and southeast, and intersects both Center Street and Tenth Street. There are street car tracks on Keosauqua Way and on Center Street, passing westward after it intersects with Keosauqua Way, as shown on the plat. Outbound street cars going west on Center Street come on Keosauqua Way from Ninth Street, which is the next street east of Tenth Street, and stop at a switch indicated on the plat, and then turn to the westward on Center Street. Outbound Clark Street cars come upon Keo-

sauqua Way from Ninth Street and stop at the same switch, and pass northwestward on Keosauqua Way.

The accident in question occurred at the intersection of Tenth Street and Keosauqua Way, about 9 or 9:30 o'clock in the evening of October 21, 1927. The appellee, a young man, in company with his brother, started to cross Center Street and Keosauqua Way, passing northward from the south curb line, and near the east end of Center Street. The appellee's route would require him to pass four lines of street car tracks,—namely, the two lines on Center Street and the two lines on Keo-

sauqua Way,—before he would reach the sidewalk north of Keosauqua Way on the east side of Tenth Street. The appellee left the curb on the south side of Center Street, and walked northward to the Center Street tracks. A car approached on Keosauqua Way toward the switch from Ninth Street. It stopped at the switch. This car proceeded from the switch in a northwesterly direction out Keosauqua Way. When the appellee walked on the north track on Keosauqua Way, he saw the street car on said track. It had left the switch, and was approaching him. At that time he also noticed the appellant's automobile, then coming northwestward on Keosauqua Way on the north side of said street car. In this situation, the appellee ran to the north, in front of the on-coming street car, and was struck by the appellant's automobile, and received the injuries complained of. The street car was some 10 or 15 feet southeast of the appellee when he crossed in front of it. The street car did not stop after it left the switch until after the accident. It was moving at a rate of from 5 to 10 miles an hour, and the motorman observed the appellee as he approached the tracks, and rang the bell of the street car. The appellee walked approximately 25 feet northward while the street car moved about 68 feet from the switch to the place where the appellee ran in front of the street car. The appellant's automobile struck the appellee north of the north street car track on Keosauqua Way, approximately in line with the east sidewalk on Tenth Street. Appellant overtook the street car after it left the switch, and drove alongside of the street car. He did not know of the presence of the appellee in the street until he saw him coming from in front of the street car. When the appellant first saw the appellee appear in front of the street car, the appellant's car was distant from the front end of the street car approximately two thirds of its length, or approximately 30 feet. The street car was 43 feet long. Appellant contends that he was driving parallel with the street car, and knew that it would not stop at Tenth Street. The switch where the car stopped is 83 feet east of the walk on the east side of Tenth Street. There is a conflict in the evidence as to the distance appellant's automobile was from the street car as he was driving alongside of it. Appellant's contention is that he was about 10 feet from the street car. Appellee contends that he was close to it. Appellee was

struck by the right front fender of the automobile. Appellant claims to have applied his brakes the instant he saw appellee, and swerved his car toward the north. The collision took place about halfway between the north track and the north curb on Keosauqua Way. Appellant contends that he was driving his automobile at a speed not to exceed 15 miles an hour at the time, while appellee contends that the automobile was moving at from 30 to 35 miles an hour. There was no street car moving in the opposite direction on Keosauqua Way at the time. The evidence tends to show that, after the appellee had left the curb and moved out into the street, and before he was hit, two automobiles passed to the southeastward on Keosauqua Way between the appellee and his brother, who was in the street approximately at the point marked D-O on the plat, near the south curb.

I. The foregoing is a general outline of the record in the case as to the manner in which the accident occurred. The appellant moved for a directed verdict, among other things upon the ground that the evidence showed that the appellee was guilty of contributory negligence. The evidence showed that the appellee was familiar with the situation where he attempted to cross the street. The appellee testified that he saw the street car that had come to the switch and stopped there. He testified:

"I kept moving on across the street, and when I got to the Keosauqua tracks, the street car started ringing its bell, when I was on the Keosauqua tracks, which called my attention. It started moving, and I walked on off the Keosauqua tracks; and when I got on the north track, I noticed this car coming around the street car, and I couldn't step back, because other cars were coming down, and I thought my only chance would be to continue on across the street; so I started to run."

The evidence fails to show that there were any other cars, either street cars or automobiles, that were coming from the northwest on Keosauqua Way at said time, or in any such manner as to have interfered with the appellee's remaining on Keosauqua Way, where the street car could have passed by him. In other words, if the appellee had stopped south of the north track on Keosauqua Way until the street car had passed him to the northwest, he could have remained in that position with

safety. It is strenuously argued that an emergency confronted the appellee, in that the street car was approaching him from the right, and there was the possibility of automobiles' coming toward the intersection on both Keosauqua Way and Center Street, and that he was obliged to have these in mind. The appellee also knew that on the north side of the street car track automobiles passed in a northwesterly direction along Keosauqua Way. He was bound to know that, if he passed in front of the on-coming street car, he was liable to go into the path of any automobiles moving northwesterly on Keosauqua Way. Ordinary care on his part would have deterred him from rushing, or, as he expressed it, "ducking," in front of the on-coming street car, in the path of the line of traffic which passed parallel to the street car on the north side of Keosauqua Way. There was no such emergency as relieved the appellee from acting as an ordinarily prudent and cautious man would do. He saw the street car. He heard the warning bell. Had he remained in his position at that time, he would have been in a place of safety, and the accident would have been avoided. Instead of remaining at such place, however, he rushed, or, as he expresses it, "ducked," in front of the moving street car, in the line of automobile traffic which he knew he was liable to encounter on the opposite side of the street car. It is a very familiar rule in this state that the question as to whether an injured party has been guilty of contributory negligence is ordinarily one for the consideration of the jury. It is only in rare instances that we hold, as a matter of law, that an injured party has been guilty of contributory negligence. We are of the opinion, however, that the instant case presents such a situation. The appellee, a person of mature years, and possessed of his faculties, walked out into the open street, where the slightest care on his part would have disclosed the presence of the slowly approaching street car. All that was necessary for him to do, to avert the possibility of injury, was to have stopped south of the north tracks on Keosauqua Way, and permitted the street car to pass him. There is no evidence tending to show that there was any such movement of traffic, either on the south side of Keosauqua Way or on Center Street, as would have interfered with his avoiding the on-coming street car. We have before referred to the fact that appellee's brother testified that he saw two auto-

mobiles pass between him and his brother after the latter had moved out into the street; but there is no claim by either the appellee or his brother that these passed near to the appellee, or afforded him any danger whatsoever. We see no escape from the conclusion that the appellee jumped or "ducked" in front of the street car directly into the line of automobile traffic which he had every reason to believe would be passing on the north side of Keosauqua Way, and attempted to run across the street. Precedents, because of the divergence of the facts, are necessarily of little value on a question of this kind, but, as bearing somewhat upon similar situations, and persuasive because thereof, see *Barboe v. Sioux City Service Co.*, 205 Iowa 1074; *Sheridan v. Limbrecht*, 205 Iowa 573; *Ames v. Waterloo & C. F. R. T. Co.*, 120 Iowa 640; *Westcott v. Waterloo, C. F. & N. R. Co.*, 173 Iowa 355; *Borland v. Lenz*, 196 Iowa 1148; *Brekke v. Rothermal*, 196 Iowa 1288; *Ryan v. Trenkle*, 199 Iowa 636; *Lloyd v. Pugh*, 158 Wis. 441 (149 N. W. 150); *Uetz v. Skinner*, 212 Mo. App. 444 (249 S. W. 651); *Shuler v. North Jersey St. R. Co.*, 75 N. J. Law 824 (69 Atl. 180); *Shanley v. Hadfield*, 124 Wash. 192 (213 Pac. 932); *Fitzpatrick v. Boston Elev. R. Co.*, 249 Mass. 140 (144 N. E. 75); *Bruce's Admx. v. Callahan*, 185 Ky. 1 (213 S. W. 557); *St. Louis S. W. R. Co. v. McCrearry* (Tex. Civ. App.), 296 S. W. 935; *Pierce v. Hosman*, 201 Ky. 278 (256 S. W. 397).

II. The appellant contends that the court should have directed a verdict, on the ground that there is a failure of proof of negligence on the part of the appellant. It is contended that  the court submitted to the jury, as the sole ground of negligence, the claim of excessive speed in the operation of appellant's automobile. There is a conflict in the evidence as to the speed at which the appellant was driving his automobile at the time of the injury. As we view it, the speed of the appellant's automobile cannot be said to be the proximate cause of the injury to the appellee. The appellant's automobile was being driven where it had a right to be, to wit, on the north side of Keosauqua Way, going in a northwesterly direction. It was parallel with and near to the street car moving in the same direction. It did not pass the street car; it was being driven alongside of the street car,

about two thirds of the length of the car from its front end. There is no rule of law, nor is it a matter of common experience or observation, that, under such circumstances, the driver of such automobile could anticipate that a pedestrian would suddenly dash into his pathway in front of the moving street car. It is to be noted that the street car was moving, at the time, and not standing at a street intersection, where pedestrians might be expected to pass in front of it. It is also important to note that appellant's automobile was some 30 feet from the front end of the street car when the appellee suddenly appeared in front of said street car and approximately in the path of the on-coming automobile. Under such circumstances, we think it must be held, as a matter of law, that the speed at which the appellant was driving his car, even though, under the conflicting evidence, the jury might have found that the same was excessive, was not the proximate cause of the injury to the appellee. As we have pointed out, it was the appellee's own act in suddenly dashing in front of the moving street car in the line of travel of automobiles that was the proximate cause of the injury to the appellee. As bearing on this question, see *Klink v. Bany*, 207 Iowa 1241; *Ryan v. Trenkle*, 203 Iowa 443; *Brekke v. Rothermal,* supra; *Borland v. Lenz,* supra; *Bishard v. Engelbeck,* 180 Iowa 1132; *Sheridan v. Limbrecht,* supra; *Donahue v. Massachusetts N. E. St. R. Co.,* 222 Mass. 233 (110 N. E. 281); *Razza v. Williams* (R. I.), 119 Atl. 318; *McAvoy v. Kromer,* 277 Pa. St. 196 (120 Atl. 762); *Lovett v. Scott,* 232 Mass. 541 (122 N. E. 646); *McAteer v. Highland Coffee Co.,* 291 Pa. St. 32 (139 Atl. 585).

Other questions that are argued are not likely to recur upon retrial. Our conclusion on the questions discussed necessitates a reversal of the case.—*Reversed.*

ALBERT, C. J., and EVANS, DE GRAFF, and KINDIG, JJ., concur.