JENNIE IVES, by her next friend, RETTA IVES, appellant, v.
WILLIAM WELDEN.

**Sale of Gasoline:** NEGLIGENCE PER SE: *Injury to minor child.* Un-
der Code, section 2505, providing that no gasoline shall be sold
unless the vessel containing it has been marked "gasoline," a
1  seller's failure to label a jug containing gasoline in the manner
required constitutes negligence *per se,* so as to render the sel-
ler liable for injuries sustained by a daughter of the pur-
chaser, who uses the gasoline to start a fire under the belief
that it is coal oil.

NEGLIGENCE OF PARENT: *Not imputable to minor.* The knowledge
of a father ordering coal oil, but receiving gasoline, that the
wrong article was delivered, is not imputable to his minor
2  daughter, who, in ignorance of the mistake, uses the gasoline
to start a fire with, so as to relieve the seller from liability to
the daughter for the consequent injuries.

*Appeal from Hardin District Court.*—HON. S. M. WEAVER,
Judge.

SATURDAY, OCTOBER 5, 1901.

ACTION to recover for a personal injury alleged to have
been caused by the negligence of the defendant. Trial to a
jury, and verdict and judgment for the defendant. The
plaintiff appeals.—*Reversed.*

*H. L. Huff* and *Wesley Martin* for appellant.

*C. M. Nagle* and *Albrook & Lundy* for appellee.

SHERWIN, J.—The plaintiff was burned by the explosion of gasoline which she was using for starting a fire, supposing it to be kerosene oil. She was at that time about 15 years of age, a member of her father's family, and assisting in the general housework. A short time before she was injured, her father went to the defendants store with a jug, which he testified he directed the clerk to fill with kerosene oil. As a matter of fact, undisputed, the clerk filled it with gasoline, and did not label it as required by statute (section 2505). The jug was taken home by the father, and the plaintiff, supposing that it contained kerosene oil, poured some of its contents into a small can, and from there into the stove. She then lit it, when it exploded, and set fire to her clothing. The evidence is conflicting whether the father ordered gasoline or kerosene. The defendant claims he ordered gasoline. But, as we view the matter, it does not materially affect this case one way or the other. Section 2505 of the Code provides that "no gasoline shall be sold, given away or delivered to any person in this state until the package, cask, barrel or vessel containing the same shall be marked 'gasoline.'" This statute is evidently for the protection of all persons in the state. It is to warn all that the substance they are handling is dangerous, and that its use requires extreme care. If the plaintiff's father had been injured by the use of the gasoline, it would then be material perhaps to inquire whether he ordered gasoline or kerosene; for, if he knew what the jug contained, the failure to label it would probably not constitute negligence as to him, But we have no such case, for it is absolutely beyond dispute in the record that the plaintiff herself had no knowledge that she was using gasoline, and, further, that the jug she took it from was one which was used for kerosene, and for that alone. As to her, then, the failure to label the jug as required by law was negligence *per se* because it was a violation of a statutory requirement that it be marked "gasoline" before delivery to any person. *Dodge v. Railway Co.*, 34

Iowa, 279; *Ford v Railway Co.*, 91 Iowa, 179; *Tobey v. Railway Co.*, 94 Iowa, 256; 1 Shearman & Redfield Negligence, section 13. The trial court instructed the jury on the theory that, if the father knew that the jug contained gasoline, and was negligent in permitting the plaintiff to use it, or in not informing her of the fact, such negligence on his part would defeat her recovery. In so instructing there is error. It has long been the settled law of this state that the negligence of the parents cannot be imputed to the child. *Wymore v. Mahaska County,* 78 Iowa, 396; *Bradshaw v. Frazier,* 113 Iowa, 579. Whatever diversity of opinion there may formerly have been among the courts on this question, it is now apparent that the tendency of modern decisions is in line with this holding. See 1 Shearman & Redfield Negligence (5th Ed.) section 78. Instructions 1, 3, and 4 asked by the plaintiff are in accord with this holding, and should have been given. For the error pointed out, the judgment is REVERSED.