ROGER L. BORLAND, Appellee, v. RUDOLPH LENZ, Appellant.

**NEGLIGENCE:** Acts Constituting — Inevitable Accident. Record relative to a transaction wherein an automobile driver ran over a small child which suddenly and unexpectedly stepped in front of the car reviewed, and held to show an "inevitable" accident.

PRESTON, C. J., and WEAVER, J., dissent.

*Appeal from Fayette District Court.*—W. J. SPRINGER, Judge.

JUNE 22, 1923.

REHEARING DENIED DECEMBER 14, 1923.

ACTION at law to recover damages for personal injuries. Trial to jury. Verdict and judgment for plaintiff and defendant appeals.—*Reversed.*

*E. H. Estey* and *James D. Cooney*, for appellant.

*E. R. O'Brien* and *E. H. McCoy*, for appellee.

DE GRAFF, J.—Plaintiff a child between five and six years of age seeks to recover damages from the defendant based on personal injuries resulting from an automobile accident. The petition alleges negligence in certain particulars. The evidence fails to sustain the allegations.

To predicate a liability some proximate negligence on the part of the defendant must be pleaded and proved. This is a jural postulate. The defendant is not an insurer. The theory of personal liability in cases of this character involves the blameworthiness of the act. If this were not true the essential element of negligence would be entirely eliminated, and the theory of absolute accountability substituted. As said by Nelson C. J. in *Harvey v. Dunlop*, Hill & Den. Supp. (Lalor) 193; "No case or principle can be found, or if found can be maintained, subjecting an individual to liability for an act done without fault on his part."

This is an universal principle and recognizes some degree of negligence as the foundation of legal responsibility. The same thought is emphasized by Shaw C. J. in *Brown v. Kendall*, 6 Cush. 292. See, also, *Morris v. Platt*, 32 Conn. 75; *Parrot v. Wells, Fargo & Co.*, 15 Wall. (U. S.) 524.

The facts of this case which we will presently note disclose what we may term an inevitable accident. Negligence cannot be predicated on a purely accidental occurrence. The doctrine of last clear chance is not involved. The plaintiff immediately prior to the accident was in a position of safety and as a matter of law the defendant was not bound to anticipate that plaintiff would suddenly run at or into his car and thereby cause an injury to himself. Defendant was not bound "to anticipate or know the intentions or purposes" of the plaintiff. *Bishard v. Engelbeck*, 180 Iowa 1132.

In *Donahue v. Massachusetts N. S. R. Co.*, 222 Mass. 233 (110 N. E. 281), a boy 10 years of age ran out into the street to pick up his hat that had been blown there by the wind. In so doing he was struck by an on-coming street car running about 20 miles an hour. No gong or whistle was sounded. It is held

that the motorman was under no duty "to anticipate that a boy of plaintiff's age would rush suddenly and impetuously upon the track and in the face of an on-coming and plainly visible car."

Another case similar on its facts involved a boy eight years of age who suddenly ran into the street in front of a motor truck. It was held that the court properly directed a verdict on behalf of the defendant and it is said: "In these circumstances, no one could reasonably foresee the sudden presence of the plaintiff's intestate in the path of the automobile, or prevent a collision with him." *Lovett v. Scott,* 232 Mass. 541 (122 N. E. 646).

In *Barger v. Bissell,* 188 Mich. 366 (154 N. W. 107) a boy seven years of age walked into the street and into the defendant's car. It is said: "Drivers upon highways are not held as insurers against accidents arising from negligence of children or their parents, and though in law such negligence in a particular case may not be a defense, as contributory negligence, for a driver also guilty of negligence, the fact of an accident does not establish liability or raise a presumption that the driver is negligent."

What are the pleaded issues in the instant case and what items of negligence were submitted by the trial court to the jury?

They are: (1) that the car was operated at a rate of speed in violation of law (2) that the defendant knowing the dangerous position of the plaintiff continued to operate his car at an excessive rate of speed (3) that the defendant failed to have his car under control (4) that defendant failed to have his car under such control as to enable him to immediately stop in case of danger and peril to pedestrians.

It is elementary that only such questions as were properly pleaded by the plaintiff in his petition and sustained by proof should be submitted to the jury. The negligence pleaded and submitted are as herein indicated. But two witnesses testify to the accident. The testimony of the witness for the plaintiff does not raise a conflict as to the matters pleaded and submitted.

A Mrs. Little was sitting near a front window sewing and stated she noticed the boys coming toward the intersection; that she saw the injured boy go out to the center of the street, heard

the defendant blow his horn when he was about one-half block away, and saw the boy go back to the curb on the north side of the street. She didn't know whether the fender or wheel hit him. "Except seeing the boy there, and seeing the car strike the boy, is about all I saw before the accident happened. I didn't notice where the car was or where the boy was, and what I state is simply my judgment about it. I didn't notice the location of the car particularly before the accident. About the first thing that I noticed was the fact that, just immediately before the car struck the boy, the boy was running toward the car. I didn't know just what part of the car struck the boy. I had to look through the window there, and didn't know just what happened."

Defendant was the only other witness to the accident. He testified: "As I approached the east crossing, that is the line of travel across the east side of the intersection; and when I got within four feet from that point, the boy started to run across the street to the south side. Before he started to run, he did nothing to indicate to me in any way that he was going to cross the street. When the boy started to run across the street, he ran south, directly across my path. When the boy first moved, my car was about 8 feet from him. That would make it about 4 feet west from the point of travel across the east side of that intersection when the boy first moved. When I noticed the boy start, I swung the car to the right, released the clutch, and put on the brakes. The front wheel or front fender did not strike the boy. The back part of the car struck him. When the car came to a complete stop, it had moved about 20 feet from where it was when I first saw the boy move."

Witness Bennett an uncle of the plaintiff testified that the car was about 10 feet east of the intersection when he viewed it immediately after the accident. The undisputed evidence further shows that the car was being driven east on First Street and when the driver was a half block west of the intersection where the accident happened he saw three boys who were on the north side of the street. Plaintiff walked out to the center of the street and the defendant sounded his Klaxon horn and the boy retraced his steps. When the car was 40 or 50 feet west of the intersection the defendant again sounded his horn and

at this time the boy stood near the curb on the north side of the street. They were looking at the car as it approached traveling about 10 miles an hour.

Under these circumstances the defendant had a right to assume that they were waiting for him to pass. He was under no legal obligation to stop his car under these circumstances construing the evidence most favorably, to the plaintiff. The speed of the car was not unlawful in the sense that an ordinance was violated. There was no ordinance pleaded or proved. Furthermore it may be said as a matter of law that the speed of the car was not the proximate cause of the injury. The accident would have happened had the car been going much slower, and had it been driven at a greater rate of speed the accident would not have happened. The evidence affirmatively shows that the boy ran into the car or slipped and fell under it. The front wheel or front fender of the car did not strike the boy.

Nor does the testimony prove or tend to prove any negligence in the use of the appliances in stopping the car. It was a new car. The driver is shown to be competent. There was no defect in the brakes or in any appliance of the car. The defendant kept a lookout ahead and he saw the plaintiff and gave two warnings of his approach. The boy was in a zone of safety and the defendant was not bound to anticipate that the plaintiff would suddenly put himself in a dangerous position or run into his car as he drove past. There were no vehicles or pedestrians in the street. It was not a prominent street of the town.

We must gauge the acts of the defendant by the reasonably prudent person rule and when it is shown that there was no act of omission or commission on his part that constitutes proximate negligence it is the duty of the court to direct a verdict.

We realize that we are determining a case that involves a boy of tender years and the doctrine of reasonable or ordinary care must take into consideration this fact. The preponderance of the evidence, however, must disclose that the defendant did something or failed to do something which under all the circumstances disclosed by the evidence he should not have done or should not have failed to do, that constituted and was the proximate cause of the alleged injury. There is no rule of statute or common law that requires a driver of a motor vehicle under the

instant facts to so operate his car that it can be immediately stopped. He must exercise that degree of care and caution that a reasonably prudent man would exercise under similar conditions. Under the whole record it is affirmatively shown that no act of omission or commission on the part of the defendant was the proximate cause of the injury. The motion to direct the verdict in favor of the defendant should have been sustained. The judgment entered is—*Reversed*.

EVANS, STEVENS, and ARTHUR, JJ., concur.

PRESTON, C. J., and WEAVER, J., dissent.

WEAVER, J. (dissenting). The plaintiff, a child of five years, was struck and injured upon the public street by a passing automobile, operated by the defendant. The petition alleges that the collision and injury were caused by the negligence of the defendant. It appears without material dispute that the child was a pupil in a local school in West Union; that, in company with others, he left the schoolhouse, and was on his way home, a distance of a few blocks. As he reached a street intersection and was about to cross, the defendant approached, with his car, from the opposite direction. Defendant saw the children, when about a block away, and they remained in plain view until the injury occurred. Of the immediate circumstances attending the accident, the defendant testified:

"I knew that children would ordinarily be found on that corner. I saw three boys when I was about half a block from the intersection of First Street South and Third Avenue South. When I first saw the Borland boy, he was coming out to the center of the street, going in a southerly direction. When I first saw him, he was two or three feet from the north curb. He then came out to the center of the street. He walked out, and I blew my horn. I was about one half a block away, at the time. The boy stood there for a few moments, and then walked back to the north side of the street. He went back to within five or six feet of the north curb, and just stood and looked at me. He just stood and looked at me until I got within four feet of the sidewalk crossing, and then he started to run across the street to the south. I saw them, the boys, down on these steps that

lead into First Street South, and as I remember, they were standing out near the curb."

The testimony of other witnesses seems to indicate that the lad, apparently unconscious of the danger in so doing, turned back, after attempting to cross in front of the car, and was caught before he had cleared the roadway. The evidence as to the speed of the car is not very definite, but it appears to have passed the point of collision some 32 feet before it was brought to a stop. Of this situation defendant further testified, as follows:

"I put my chains on that day for the purpose of keeping the car from skidding. The streets had been icy several days before the accident. I knew that, if I applied the brakes suddenly, the car would skid. I knew that, when I approached the corner and saw the children, that, if I tried to stop suddenly, my car would skid, and I wouldn't be able to stop my car as soon as if I were on dry pavement. If the pavement had been dry, I wouldn't have traveled over six feet."

The principal argument advanced for a reversal is that the evidence is insufficient to justify a finding of negligence on the part of defendant. It may be conceded that the case is a close one; but in our judgment, it cannot be said, as a matter of law, that the evidence fails to sustain the charge of negligence. The right of the child to use the street in going to and from the school is no less sacred than the right of the defendant to operate his car thereon. The driver of a car through a public thoroughfare, and especially in the heart of a town or city, and in places where children congregate, is charged with the exercise of care reasonably proportioned to the danger to which such children are exposed. It is not to be expected that young and inexperienced children will exercise the judgment and forethought of persons of maturer age, and it is a matter of common knowledge and observation that they are liable to scurry across the roadway in front of a moving vehicle with the thoughtlessness of a flock of chickens. In this case, defendant not only knew that children were ordinarily found at that particular corner, but he had the children, including the plaintiff, actually in view for a block, as he approached them. He did approach them at a speed rendering it difficult for him to stop at once, and we think it a

fairly open question for the jury to say whether, exercising the proper measure of care, he could have avoided the collision. The driver of a car is, of course, not to be regarded as an insurer against all accidents, and for an injury which is purely accidental, unmixed with negligence on his part, there is no liability; but the present case does not appear to fall within that class. There was no error in the court's refusal to direct a verdict.

Aside from the proposition that the evidence was insufficient to sustain a recovery, the assignments of error are, for the most part, too general to call for any special discussion, as they all inhere in the subject already treated. It is said, among other things, that the court submitted to the jury questions of alleged negligence on which there was no evidence. The court's charge states the case substantially as found in the pleadings, and we discover nothing in the statement for which there is not support in the record. No sufficient reason, in my opinion, is shown for disturbing the judgment below.

PRESTON, C. J., joins in the dissent.