Francis Faatz, Appellee, v. James M. Sullivan, Appellant.

APPEAL AND ERROR: Harmless Error—Irrelevant Testimony Incidentally Received. Reversible error does not result from the incidental reception of irrelevant, noninflammatory testimony; and especially is this true when complainant initiated the inquiry.

EVIDENCE: Documentary—Map of Locus In Quo. A correct map of the *locus in quo* is admissible.

EVIDENCE: Documentary—Subsequently Taken Photograph. Photographs which have been correctly taken, and which correctly represent the *locus in quo* of an accident, are admissible, though taken subsequent to the time in question, and when snow covered the ground.

NEGLIGENCE: Acts Constituting—Acting on Appearance of Safety. The driver of an automobile who notes that a pedestrian has, immediately prior to an accident, passed in front of his approaching car and reached a place of safety, has a legal right to act on the assumption that the pedestrian will not suddenly retrace his steps and place himself in line with the approaching car.

NEGLIGENCE: Acts Constituting—Acts As to Children—Presumption. The act of an eight-year-old child, after passing in front of an ap-

proaching conveyance and reaching a place of safety, in suddenly retracing his steps and placing himself in line with the immediately approaching car does not constitute negligence *per se.*

**NEGLIGENCE:** Acts Constituting—Children—Necessity for Explanation. The court must not instruct, in an action in behalf of a minor for personal injury, that there can be no recovery if the jury finds "*that a negligent act of the child was the proximate cause of the injury,*" unless there be some adequate explanation as to what would constitute negligence on the part of such a child.

**NEGLIGENCE:** Acts Constituting—Unrecognized Degree of Care. No person is required in law to exercise a degree of care that will protect him from injury,—let alone a child of tender years.

**NEGLIGENCE:** Acts Constituting. Principle reaffirmed that the violation of a statute which prescribes the care required under given conditions constitutes negligence *per se.*

**NEGLIGENCE:** Instructions—Dragnet Instructions Ignoring Pleaded Negligence. Error results from instructing that a party defendant would be negligent if he "did *something* or omitted to do *something* which an ordinarily prudent person would not do, or would not omit to do," without in any degree limiting said acts of commission or omission to the negligent acts specified in the petition.

**NEW TRIAL:** Verdict—Excessiveness—$5,000 for Personal Injury. Inferentially it is suggested that a verdict of $5,000 for injury to an eight-year-old child, said injury consisting of a fracture of the skull, but with no substantial proof of detrimental after-results, would be excessive.

Headnote 1: 4 C. J. p. 969. Headnote 2: 22 C. J. p. 910. Headnote 3: 22 C. J. pp. 917, 920, 921. Headnote 4: 28 Cyc. p. 29. Headnote 5: 28 Cyc. p. 49; 29 Cyc. p. 642. Headnote 6: 29 Cyc. p. 656. Headnote 7: 29 Cyc. pp. 512, 535. Headnote 8: 29 Cyc. pp. 436, 437. Headnote 9: 29 Cyc. p. 646. Headnote 10: 17 C. J. p. 1096.

*Appeal from Dubuque District Court.*—D. E. Maguire, Judge.

October 17, 1924.

Rehearing Denied March 21, 1925.

Action by a child of eight years, by his next friend, to recover for damages sustained by reason of his being struck by an automobile which was being operated by the son of the de-

fendant. Various grounds of negligence in the operation of the automobile are alleged. The jury returned a verdict for the plaintiff, and the defendant appeals.—*Reversed.*

*Hurd, Lenehan, Smith & O'Connor,* for appellant.

*Kintzinger & Stuart* and *Kenline, Roedell & Hoffmann,* for appellee.

Faville, J.—The accident in question occurred about one o'clock in the afternoon on the 26th day of October, 1921. Appellee at that time was a boy about eight years of age, and was on his way to school. The accident occurred near the intersection of Central Avenue and Fifteenth Street, in the city of Dubuque. Central Avenue extends north and south, and is intersected by Fifteenth Street at right angles. Just before the accident occurred, appellee was walking with another lad on the south side of Fifteenth Street, and crossing Central Avenue. He left the sidewalk on the east side of Central Avenue, and walked with the other boy westerly. There are two street car tracks running north and south on Central Avenue. When the two children had reached a place approximately at the east rail of the east track, appellee looked in the direction of the approaching car, and suddenly turned and ran back across the street and upon the sidewalk on the east side of the street, which he had just previously left. Appellant's car was being driven by his son, a high school student, about twenty years of age, and was going north on the east side of Central Avenue, approaching the intersection with Fifteenth Street. At or about the time appellee ran back to the sidewalk, the driver of the car diverted the course of the car to the right, which headed it in a northeasterly direction. The right wheel of the car passed over the curb, and appellee was struck after he had reached the sidewalk. The car advanced to the northeast, and came in collision with a telephone pole. Appellee suffered a fracture of the skull from the collision, with resulting pain and suffering.

There is conflict in the evidence with regard to the speed of the car as it approached the intersection of the streets. Central Avenue is forty feet wide between the curbs, and the curbing

over which the automobile passed is nine inches high. There was evidence tending to show that the driver applied the foot brake to the car, but not the emergency brake, and sounded the horn, and that the car skidded for some distance upon the street and sidewalk before it came into collision with the telephone pole. There was no motion for a directed verdict in behalf of appellant. Therefore, we consider only the errors of law relied upon for reversal.

I. Error is predicated on the ruling of the court in permitting a witness to testify in regard to the ownership of a store building by the father of appellant. The matter arose in this wise. A witness for appellee testified that appellant's wife, who was in the car at the time of the accident, asked him to call her husband, and told him to get him at the Peoples Store. On cross-examination, appellant's counsel asked this witness: "You knew Mr. Sullivan wasn't interested in the Peoples Store, didn't you?" and the witness answered: "I couldn't tell you."

1. APPEAL AND ERROR: harmless error: irrelevant testimony incidentally received.

Later on, Mrs. Sullivan testified as a witness for appellant. On cross-examination, she was asked where she told the man he could find her husband, and replied that she told him her husband might be found on the roof of the Peoples Store. She was then asked this question: "Your husband owns that building?" The question was objected to as irrelevant and immaterial, the objection was overruled, and the witness answered: "He does."

The objection to the last question should have been sustained. However, appellant's counsel first introduced the subject-matter of the ownership of the Peoples Store, by the cross-examination of the witness Sinhold. The matter arose incidentally, in connection with the testimony respecting the summoning of appellant. We cannot reverse for this error, arising in this manner.

II. Error is claimed in the overruling of objections to a map which was offered in evidence, and which appears to have been made by an expert, and in permitting the witness to testify with regard to distances to certain school buildings that were not in the direct line of travel of the car.

2. EVIDENCE: documentary: map of *locus in quo.*

There was no error in these rulings. The proper foundation

was laid, the witness was competent, and the map was admissible. It had on it a mark indicating the point where the automobile left the curb, and this witness testified that he placed the mark there from information which he had received regarding this spot. But other evidence in the case shows that the mark was placed at the correct place on the map. Under these circumstances, there was no reversible error in receiving this evidence. The testimony with regard to the location of the various school buildings in the vicinity of the accident was proper, under the circumstances of the case.

III. Error is urged in the overruling of appellant's objections to certain photographs offered by appellee.

It appears that the photographs were not taken at or about the time of the accident, but were taken subsequently. The photographs show the buildings at the intersection of the streets where the accident occurred. The evidence shows that the photographs were correctly taken, and that there had been no change in the conditions of the buildings and streets surrounding the intersection between the time of the accident and the taking of the photographs. The fact that there was snow on the ground when the photographs were taken and none at the time of the accident did not render them inadmissible, under the proved facts.

3. EVIDENCE: documentary: subsequently taken photograph.

We find no error in overruling the objections to these photographs.

IV. Error is predicated upon the refusal of the court to give Instruction No. 2, requested by appellant, as follows:

"The driver of an automobile may assume that a person in a place of safety at the time the automobile is approaching a street crossing, will remain there until the automobile has passed. In this case, if you find from the greater weight of the evidence that the plaintiff, Francis Faatz, had passed over that portion of the street upon which the automobile was approaching the crossing of Central Avenue, and that, knowing of the approach of the automobile to that crossing, he turned from the direction in which he was then waiting, and ran back and in front of the moving automobile, and was struck by it and in-

4. NEGLIGENCE: acts constituting: acting on appearance of safety.

jured, he could not recover in this case, and your verdict should be for the defendant.''

The thought of this instruction was not embodied in any instruction that was given by the court.

The undisputed evidence in the case shows that the boy, with his companion, had left the sidewalk and had traversed the street to the street car rail, entirely past the pathway of the approaching automobile. He was apparently, with his companion, proceeding on his way across the street to the west. The undisputed evidence also shows that, at that time, and when in that position, he observed the approaching car, which was distant then some fifty feet. The driver of the car also saw appellee in this position at that time. Now, in determining the question as to whether or not, from that time on, the driver of the automobile conducted himself like a man of ordinary prudence and caution, the jury should have been told that he had a right to assume that appellee, having reached a place of safety, and being outside the pathway of the approaching car, would either remain in such place of safety or continue on his journey to the west. This is the ruling of our cases.

In *Borland v. Lenz,* 196 Iowa 1148, a case where a child between five and six years of age walked out to the center of the street in front of an approaching car, and then suddenly retraced his steps and was struck by the car, we said:

''Under these circumstances the defendant had a right to assume that they [the children] were waiting for him to pass. He was under no legal obligation to stop his car, under the circumstances, construing the evidence most favorably to the plaintiff.''

We also said:

''The plaintiff immediately prior to the accident was in a position of safety, and as a matter of law the defendant was not bound to anticipate that plaintiff would suddenly run at or into his car and thereby cause an injury to himself. Defendant was not bound 'to anticipate or know the intentions or purposes' of the plaintiff.''

The cases are reviewed at length in the *Borland* decision, and it is approved in *Brekke v. Rothermal,* 196 Iowa 1288. See, also, *Long v. Ottumwa R. & Lt. Co.,* 162 Iowa 11.

Whether or not the driver of the car acted like a man of ordinary prudence and caution after he discovered that the boy was attempting to retrace his steps, and whether he was guilty of negligence in diverting his car so that he ran upon the sidewalk and struck the child when the latter was out of the traversed street and had returned to a place of safety, are questions that are not at all involved in the proposition before us, as raised by the requested instruction. The thought embraced in the first part of the requested instruction should have been given, and it was not embodied in any of the instructions given by the court.

But the court did not err in refusing to give the requested instruction in the form asked, because the second sentence thereof did not correctly state the law applicable to the case. If given, it would have told the jury that, if appellee had passed over that portion of the street from which the automobile was approaching, and, knowing of the approach of the automobile, had turned from the direction in which he was then waiting, and had run back and in front of the automobile and was struck by it and injured, this would bar recovery, and would require a verdict for the defendant.

5. NEGLIGENCE: acts constituting: acts as to children: presumption.

Such is not the law, as applied to the facts in this case. The effect of this portion of the requested instruction would be to deny any recovery on the part of appellee if he was guilty of contributory negligence in the manner set forth; but it overlooks entirely the fact that a child eight years of age is presumed to be incapable of contributory negligence. This portion of the requested instruction would hold a child of tender years to be absolutely bound by an act that would be contributory negligence on the part of an adult, and this without any consideration or determination by the jury that the particular child could in no event be guilty of contributory negligence. For discussion of this question, see *Brekke v. Rothermal,* supra.

V. Appellant requested the court to give an instruction as follows:

"If you find from a preponderance of the evidence that a negligent act of the child was the proximate cause of the acci-

dent, then he cannot recover, and your verdict should be for the defendant.''

The requested instruction could not properly have been given in the form in which it was asked. It left it wholly for the jury to determine what might be ''a negligent act of the child.'' It is obvious that what would be the ''negligent act'' of an infant of tender years could not be so left to the speculation of the jury, without further instruction or amplification.

6. NEGLIGENCE: acts constituting: children: necessity for explanation.

There was no error in refusing the instruction as requested, in the form in which it was submitted.

VI. Appellant requested the court to give to the jury the following instruction:

''If the plaintiff, Francis Faatz, a minor, of about the age of eight years, at the time of the injury complained of, knew of the character of automobile traffic on the streets of Dubuque over which he was accustomed to travel in going to and from school, and had been warned of the danger from them, and appreciated the risk of collision with an automobile, the law required that he should exercise the degree of care necessary to protect himself from the danger of collision with an automobile. And if he should suddenly run from a place of safety in front of a moving automobile, and was injured thereby, he could not recover damages for such injury.''

7. NEGLIGENCE: acts constituting: unrecognized degree of care.

The court did not err in refusing this instruction as it was asked. The law does not require that any person shall ''exercise the degree of care necessary to protect himself from the danger of collision with an automobile.'' In many instances, this would require the exercise of a very extraordinary degree of care. All that is required is that a pedestrian on the street shall exercise such care as a person of ordinary prudence and caution would exercise under the same or similar circumstances; but he is not required to exercise whatever degree of care may be necessary to protect himself from the dangers of collision with an automobile. This would, in effect, require him to exercise a degree of care that would avoid the possibility of danger from collision with an automobile, even though such degree of care

might be greatly in excess of the ordinary care that an ordinarily prudent person would exercise under the same circumstances. Such is not the law.

The instruction as requested is also objectionable because it assumes that, if appellee suddenly ran in front of a moving automobile, from a place of safety, and was injured thereby, he could not recover.

The evidence in the case shows that the child was not injured on the street, but that he had passed the line of the pathway of the car, and was upon the sidewalk, which would have been a place of safety if the car had not been diverted from its course by the driver.

The last sentence of the instruction was too broad in its statement without qualification to warrant the court in submitting it to the jury. The court did not err in refusing the instruction in the form in which it was drawn.

VII. Complaint is also made of the refusal to give Requested Instruction No. 5, with regard to damages for future disability that might occur to appellee.

The subject-matter was covered by instructions given by the court, and there was no error in refusing Instruction No. 5 as requested.

VIII. Appellant complains of the giving of instructions in which the court quoted the statutes of the state in respect to the operation of motor vehicles, and instructed the jury that the violation of the statutory laws of the state would constitute negligence.

The well recognized rule is that the failure to obey a statute of this kind is negligence *per se*. *Ives v. Welden,* 114 Iowa 476; *Burk v. Creamery Package Mfg. Co.,* 126 Iowa 730. The instruction was amplified by other instructions applicable to the facts of the case. There was no error in the giving of the instruction, when read in connection with the other instructions.

8. NEGLIGENCE: acts constituting.

IX. The giving of Instruction No. 11 is also assigned as error. The instruction contained the following sentence:

"If, after considering all of the evidence in the case, you find that the operator of defendant's automobile did something which a person of ordinary prudence and caution would not have

9. NEGLIGENCE:
instructions:
dragnet in-
structions ignor-
ing pleaded
negligence.

done, or omitted to do something which a person of ordinary prudence and caution would not have omitted to do, under the same or similar circumstances, or if you find that the operator of defendant's automobile at the time of the accident was violating any of the statutory laws of this state, as herein set out, then the operator of defendant's automobile would be negligent, and you should proceed to a consideration of the second proposition.''

This instruction was not given as a definition of what would constitute negligence or a want of ordinary care. Proper definition of negligence had previously been given in Instruction No. 5. In Instruction No. 11, the court set out in detail the various facts and circumstances as disclosed by the evidence, and then concluded with the sentence above quoted. This was clearly erroneous. It left it to the jury to speculate as to whether or not the operator of defendant's automobile ''did *something* that a person of ordinary prudence and caution would not have done, or omitted to do *something* which a person of ordinary prudence and caution would not have omitted to do.'' This opened the field of speculation and conjecture for the jury to say that ''something'' done or ''something'' omitted would constitute negligence, without regard to whether the same had any relation to the negligence charged in the petiton. An identical instruction has been disapproved by us in *Ryan v. Trenkle,* 199 Iowa 636.

This instruction cannot be approved. It was erroneous.

X. Complaint is also made of Instructions 12, 13-a, and 15. Appellant has failed to point out in his argument any reversible error in any of said instructions.

XI. Complaint is made that the verdict of $5,000 is excessive. There is no question that appellee received a serious injury, and that he suffered therefrom. There is some evidence

10. NEW TRIAL:
verdict: ex-
cessiveness:
$5,000 for per-
sonal injury.

by experts with regard to the possibility of future effects that might result from an injury of this character; and while these matters are within the range of the possibility of expert conception and opinion, the prospect of such future effects is, under all of the evidence in the case, quite remote and problematical. Apparently the boy has entirely recovered from the

injury.    There are no visible effects from the same, and he is attending school, and the chances of any future effects from the injury are remote and wholly problematical.

In view of a retrial, we offer no further comment on the amount of the verdict.

The motion to strike appellee's additional abstract, ordered submitted with the case, is overruled.

The cause will be reversed, and a new trial ordered.—*Reversed.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.