Elizabeth Staggs, Appellee, v. Lucille Bartovsky, Appellant.

No. 44971.

April 2, 1940.

Lee Farnsworth and Carl F. Jordan, for appellee.

Hallagan, Fountain, Stewart & Cless and Grimm, Elliott, Shuttleworth & Ingersoll, for appellant.

OLIVER, J.—Appellant owned a 12-passenger automobile bus used to transport an orchestra. On May 26, 1938, the bus, traveling on the highway from Cedar Rapids to Iowa City, collided with an automobile in which plaintiff, Elizabeth Staggs, was riding. This action at law was brought against said bus owner to recover damages on account of personal injuries suffered by plaintiff.

The slab of the highway was concrete, 18 feet wide. At the time of the collision the bus had been traveling southeast over a straight stretch of the highway and had completed or practically completed a right-hand curve. The highway and surrounding terrain were practically level. The pavement was wet and there is evidence rain was then falling. The accident happened in daytime. It was not disputed that the bus skidded along and across the pavement into the automobile as the two vehicles, traveling in opposite directions, were about to pass. Liability was sought to be avoided principally upon the ground

that the failure of the bus to yield one half of the traveled highway to the automobile was excused by the circumstances and conditions. The driver's version of these circumstances was substantially as follows: that the bus was traveling at the rate of about 25 miles per hour along the straight stretch of highway; that a few feet beyond the point where the collision afterwards occurred another automobile was parked upon the pavement in the path of the bus, facing the direction in which the bus was traveling; that this automobile (which apparently could have been seen by the driver of the bus at a greater distance) was first observed by said driver at a distance of about 250 feet; that he mistakenly thought the automobile was standing at the side of the pavement instead of upon it and though continuously watching it did not correctly observe its location until the bus had approached to a point about 100 or 150 feet from said standing car, and was then entering said curve; that he then applied the brakes in an effort to stop; that the bus started to skid and slide and continued to slide forward and sideways; that it slid to the left side of the pavement and there struck the automobile in which plaintiff was riding. When the accident happened, the bus had not yet reached the parked car and was about 35 feet distant. The driver testified he was able to stop the bus at the speed it had been traveling and under the conditions then existing, in 20 feet; also that if he had been traveling more slowly when he applied his brakes, he probably could have brought the bus under control and kept it on the right side of the pavement.

The trial court, perhaps out of an abundance of caution, withdrew from the jury specifications of negligence based upon speed and lack of control and submitted the case solely upon the question of the failure of the bus to yield one half of the traveled highway. Defendant withdrew from her answer the pleaded defense that the parked car was the sole cause of the collision and rested upon a general denial. The trial resulted in a judgment in favor of plaintiff and this appeal by defendant. The errors assigned relate solely to instructions.

I. The jury was specifically instructed to consider only

the one ground of negligence and that it could not find a verdict for plaintiff unless it found the bus driver was guilty of negligence in failing to yield one half of the traveled portion of the highway when meeting the car in which plaintiff was riding. Instruction No. 10 stated the bus was not required to travel, at all times, on the right-hand side of the paving but was required, upon meeting another car, to give one half of the traveled way by turning to the right; that failure to do this is only prima facie evidence of negligence, which is not conclusive and may be overcome by other facts and circumstances, and that if the failure to yield had been justified, explained or excused the verdict should be for defendant.

On the question of negligence in failing to yield one half of the traveled portion of the highway the court, in instruction No. 11, explained the statute on speed restrictions, (excepting the assured clear distance rule) the right of the driver to assume that all persons using the highway will obey the law, the general statute on control of vehicle and control when approaching and traversing a curve, and instructed that it was the duty of the bus driver to drive at a prudent rate of speed having regard for the traffic and surface of the highway and any other conditions then existing and to have the bus under control and reduce the speed to a reasonable and proper rate when approaching or entering a curve.

Instruction No. 12 first recites that the evidence shows without dispute that the collision occurred on the east side of the traveled portion of the highway. It then proceeds:

"In determining whether the defendant's driver was negligent as charged, you will take into consideration all of the facts and circumstances and conditions shown in evidence, including the fact of the parked or standing car, the proximity of the curve, the speed of defendant's bus, its size and weight, its proneness to skid, if any, on wet pavement, whether the pavement was slippery from rain, the visibility from the bus, whether the bus was slowed down or under proper control, whether the bus driver kept a proper and reasonable lookout

for approaching cars, and whether he could in the exercise of ordinary care have seen the plaintiff's car approaching in time to have turned to the right to avoid the collision, and from these and all other facts and circumstances in evidence determine whether the defendant's driver was negligent in failing to turn to the right and yield one-half of the traveled portion of the highway."

Appellant assails instructions Nos. 11 and 12, urging that they submitted general negligence and various specifications of negligence other than the failure to yield half the traveled way, and thus permitted the jury to inquire into and speculate upon general negligence and various other grounds of negligence.

Before considering these contentions it may be well to point out that instruction No. 13, given at appellant's request, was based upon the theory that the emergency occasioned by the discovery of the parked car might excuse the failure of the bus to yield half the traveled highway. The criticized instructions should be considered in connection with this instruction as well as with the immediately preceding statement in instruction No. 10, that the prima facie evidence of negligence from failure to yield one half the traveled way is not "conclusive, and may be overcome by other facts and circumstances in evidence, and if you find from the evidence in this case that the failure of the driver of defendant's bus, Jack Mitchell, to yield one-half of the traveled way is justified, explained, or excused, then and in that event your verdict should be for the defendant."

Instructions Nos. 11 and 12 did not submit additional grounds of negligence upon which the jury might predicate liability. On the contrary they merely furnished rules to guide the jury in its consideration of the negligence charged in the specification submitted. Jakeway v. Allen, 226 Iowa 13, 282 N. W. 374. They amplified and clarified the provisions of other instructions under which the jury might find that the failure to yield one half the traveled way was justified, explained or

excused. Such excuse, if established, would have resulted in a finding that the bus driver was free from the negligence charged, despite the prima facie evidence thereof from his failure to yield half the traveled highway.

Appellant relies upon our holdings in Keller v. Dodds, 224 Iowa 935, 277 N. W. 467; Ryan v. Trenkle, 199 Iowa 636, 200 N. W. 318, and Faatz v. Sullivan, 199 Iowa 875, 200 N. W. 321.

In each of the cited cases the instructions made reference to general or specific laws or rules involving negligence not otherwise included in the instructions, which reference was followed by a statement that the failure to obey the same would constitute negligence. Thus they set up new and additional grounds upon which the jury could base a finding of negligence. As stated in Keller v. Dodds, supra [224 Iowa 935, 946, 277 N. W. 467, 473]:

"* * *. The particularly objectionable feature of the italicized portion is the fact that the trial court completes the same by stating to the jury that a failure upon the part of the defendant to drive his truck as a reasonably careful and prudent person would drive a similar truck under like or similar circumstances would be negligence. * * *."

No such statement appears in the criticized instructions in the case at bar. As above noted they merely explained other instructions for the guidance of the jury. We conclude they were not erroneous in the particulars urged by appellant.

II. Error is predicated upon the refusal to give a requested instruction concerning the parked car and its discovery on the pavement by the bus driver as a circumstance bearing upon the question of his negligence. One proposition therein expressed was that because parking upon the pavement was unlawful the bus driver had the right to assume the parked car was not upon the pavement until he observed or should have observed to the contrary.

However, instruction No. 13, given by the court at appel-

344

lant's request had reference to the time of the bus driver's actual discovery of the car "standing in the pavement immediately ahead of him," and stated that if he was driving carefully and was suddenly and without warning faced with the emergency occasioned by said discovery and if it arose without his negligence and was not of his own making and he thereafter exercised reasonable care in attempting to avoid it "you would not be justified in finding him guilty of negligence, proximately causing the accident * * *."

This instruction required no action on the part of the driver in the "emergency" connected with the parked car until he discovered it standing in the pavement. Upon that proposition it was at least as favorable to appellant as the refused instruction. Consequently, no prejudice could have resulted from the refusal to give said instruction.

We express no opinion as to whether or not the record here entitled appellant to instruction No. 13, which was given at her request.

The judgment is affirmed.—Affirmed.

RICHARDS, MITCHELL, STIGER, SAGER, BLISS, HALE, and MILLER, JJ., concur.