[No. 18050.    Department Two.    January 28, 1924.]

FRANK BRACHA, *Administrator of the Estate of Anna Bracha, Deceased, Appellant,* v. SPOKANE, PORTLAND & SEATTLE RAILWAY COMPANY, *Respondent.*[1]

RAILROADS (55)—INJURIES TO TRESPASSERS—CONTRIBUTORY NEGLIGENCE. A pedestrian is guilty of contributory negligence, as a matter of law, in crossing a railroad track on a path over private property without looking in either direction, when a backing engine was approaching in plain sight.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered August 19, 1922, dismissing an action for wrongful death, upon granting a nonsuit. Affirmed.

*I. N. Smith* and *James P. Stapleton,* for appellant.

*Carry & Kerr, Charles A. Hart,* and *A. L. Miller,* for respondent.

[1]Reported in 222 Pac. 477.

Bridges, J.—The plaintiff, suing on behalf of the estate of Anna Bracha, deceased, sought to recover damages of the defendant. The trial court nonsuited him and dismissed the action.

The deceased was working in a cannery building in the city of Vancouver, Washington. This building is located immediately to the east of and adjoining Hill street, which runs northerly and southerly. About fifty or sixty feet north of the cannery are two of respondent's railroad tracks, running easterly and westerly and crossing Hill street. For some years past, many of the employees of the cannery company have been in the habit of leaving the building from a door on the north side thereof, walking across the open space of some fifty or sixty feet, and thence across the railroad tracks on private property. On the evening of September 2, 1920, deceased, as was her custom, left the cannery through the north door, and in following a path leading therefrom across the railroad tracks, was struck by one of the respondent's engines which was backing from the west on the most southerly track. There was testimony tending to show that there was no light or watchman on the rear portion of the tender of the engine. There were in the cab, however, the usual fireman and engineer. The fireman was located on the side of the cab where he could see the approach of the deceased to the railroad tracks. The engineer was on the opposite side and was unable to see the deceased. The engine was backing at the rate of some ten or twelve miles an hour. Some of appellant's witnesses testified that they did not hear any bell ringing on the engine or any warning signal given by it. At the time in question, it was dusk, but not yet dark. The sun had set a few minutes previous to the accident. The deceased died shortly after her injury, and of course we have no testimony from her.

Appellant's chief witness was a Mr. Benson who testified that, when he came out of the cannery by the same door through which the deceased had passed, he observed the backing engine and tender one or two hundred feet to the west of the place where the path crossed the railroad tracks, and at the same time saw the deceased walking along the path in front of him some thirty feet, approaching the tracks. This witness also intended to follow the path and cross the tracks, but delayed until the engine had passed. As the deceased got close to the track on which the backing engine was, the witness shouted to her and at about the same time the fireman shouted in a loud voice to her, saying: "Look out! Look out!" Immediately after that the fireman again shouted: "For God's sake, look out!" He then shouted to the engineer to "dynamite" the engine, meaning thereby to stop it at once. When the fireman first shouted the engine was some ten or twenty feet from deceased. There were two other witnesses who had just before crossed this track and were standing on a platform between the two tracks and they saw the engine backing from the west towards them.

Under these facts, it is clear the deceased was guilty of contributory negligence as a matter of law. She was acquainted with the premises; she knew that the railroad tracks were there; she knew they were used by trains; she knew that the crossing which she was undertaking to make was not a public one but was located on the railroad's private property. While it was getting dark, she could have seen the coming engine had she looked, because others saw it; there was nothing to obstruct her view and she could have seen the engine for a distance of one or two hundred feet from where the path which she was following crossed

the tracks. It is plain she did not look or listen for the approach of a train before stepping on the tracks; because, had she so done, she must of necessity have observed the approach of the backing engine. One does not do his duty by simply walking onto a railroad track without looking in either direction for the approach of trains, and paying no attention to the surrounding dangers. Manifestly, the deceased's mind was absorbed in matters foreign to her own safety. The slightest care upon her part would have avoided the injury. *Gregg v. Northern Pac. R. Co.*, 49 Wash. 183, 94 Pac. 911; *Olson v. Payne*, 116 Wash. 381, 199 Pac. 757; *Shanley v. Hadfield*, 124 Wash. 192, 213 Pac. 932.

We must therefore hold that the action of the trial court in granting the nonsuit was right.

The conclusion to which we have come on the question of contributory negligence makes it unnecessary for us to consider the other question presented by respondent, that the deceased was a mere licensee and that it owed her no duty other than not to wantonly or recklessly injure her.

Judgment affirmed.

MAIN, C. J., FULLERTON, and MITCHELL, JJ., concur.