[No. 18939. Department One. February 19, 1925.]

GERTRUDE E. WORSEY, *Appellant,* v. TACOMA RAILWAY &
POWER COMPANY, *Respondent.*[1]

STREET RAILROADS (18)—CONTRIBUTORY NEGLIGENCE—PERSON ON
TRACKS. A man eighty years of age, and hard of hearing, is guilty
of contributory negligence, as a matter of law, in crossing a street
railway track between street intersections on an unguarded street,
without looking and seeing an approaching street car which was
within view for several blocks, with headlights burning and mak-
ing considerable noise.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered June 3, 1924, upon
withdrawing the case from the consideration of the
jury, dismissing an action for wrongful death. Af-
firmed.

*Louis J. Muscek* and *Blackburn & Gielens,* for ap-
pellant.

*F. D. Oakley* and *L. L. Thompson,* for respondent.

MAIN, J.—By this action the plaintiff sought to re-
cover for the death of her husband, which she claimed
was caused by the negligence of the defendant. In the
answer, an affirmative defense of contributory negli-
gence was pleaded. The case came on for trial before
the court and a jury. At the conclusion of all the
evidence, the defendant moved for an instructed ver-
dict, and the court thereupon withdrew the case from
the jury and entered a judgment dismissing the action,
from which the plaintiff appeals.

The respondent owns and operates a street railway
system in the city of Tacoma. The accident which
caused the death of the husband of the appellant hap-
pened on Yakima avenue between 70th and 72d streets

[1]Reported in 233 Pac. 282.

and about one hundred and fifty feet north of the intersection of the latter street with Yakima avenue. This street is not graded. The street car track is upon a slight elevation. On the west side thereof is a footpath used by people in that vicinity, and just beyond the footpath and outside of the property line on that side of the street is what is referred to as a depression or a ditch. This footpath at places is a number of feet west of the west end of the ties, and at other places approaches closely to them.

On the evening of December 11, 1923, at about 5:15 o'clock, the deceased, at the suggestion of the appellant, left the house into which they had just moved, which was not far from the intersection of 70th street with Yakima avenue, and taking a pitcher started to a neighbor's to get some water. The accident occurred a very few minutes after he had started on this errand. The street car track at this point is straight, and from the north, the direction from which the car was approaching which struck the deceased, a car could be seen for a number of blocks, probably a quarter of a mile. The evidence shows that, at the time the deceased was struck, he was in the act of stepping off of the street car track and was struck by the front right side or corner of the car. He was thrown into the adjacent ditch, afterwards taken to the hospital, and some time later died. He was eighty years old. His hearing was somewhat impaired, though otherwise he was reasonably active for a man of that age.

Whether the respondent was guilty of negligence it is not necessary here to inquire, because it must be held that the deceased was guilty of contributory negligence as a matter of law. Whether, at the time he was struck, he was approaching the car or going in the opposite direction is not necessarily controlling, though, as the trial court said in granting the motion,

"The testimony all but conclusively shows that the man was facing the car." The headlight of the street car was burning and the lights in the car were on. It was a car about forty-five feet in length and naturally would make more or less noise as it proceeded along the track.

In *Brown v. Washington Water Power Co.,* 106 Wash. 649, 181 Pac. 47, it was held that a girl seventeen years of age, struck by a street car, is guilty of contributory negligence, as a matter of law, where it appears that she walked between the rails of a double-track car line, looked back when a car sounding a gong was about a block away, and then proceeded on the tracks without again looking or paying any attention to the approaching car, which continued to sound the gong. In the present case there is some dispute as to whether the motorman sounded the gong. A number of witnesses who were passengers on the car at the time testified unequivocally that he did. There is other evidence of witnesses who stated that they did not hear it sounded. But this circumstance is not necessarily controlling on the question of contributory negligence.

In *Bracha v. Spokane, Portland & Seattle R. Co.,* 128 Wash. 324, 222 Pac. 477, it was held that a pedestrian was guilty of contributory negligence, as a matter of law, in crossing a railroad track on a path over private property without looking in either direction, when a backing engine was approaching in plain sight. It was there said:

"One does not do his duty by simply walking onto a railroad track without looking in either direction for the approach of trains, and paying no attention to the surrounding dangers. Manifestly, the deceased's mind was absorbed in matters foreign to her own safety. The slightest care upon her part would have avoided the injury."

In *Birrell v. Great Northern R. Co.*, 61 Wash. 336, 112 Pac. 362, Ann. Cas. 1912B 1239, it was said:

"Even to a stranger, the presence of the track itself was a warning of danger, suggesting care to escape being struck by passing trains; and it has been often held that one who deliberately walks along a railroad track, without making use of his senses to apprise him of danger, is guilty of negligence."

There is no escape from the conclusion in this case that the appellant's husband was guilty of contributory negligence, as a matter of law, at the time he was struck by respondent's street car.

The judgment will be affirmed.

TOLMAN, C. J., BRIDGES, PARKER, and ASKREN, JJ., concur.