[No. 20476. Department Two. July 26, 1927.]

VINCENT DEMASE, *Respondent*, v. ROBERT NEMITZ *et al.,*
*Appellants.*[1]

[1] MUNICIPAL CORPORATIONS (383, 390)—USE OF STREETS—COLLISION
BETWEEN AUTOMOBILE AND PEDESTRIAN — CONTRIBUTORY NEGLI-
GENCE—QUESTION FOR JURY. The contributory negligence of a
pedestrian, struck by an automobile on a city crossing, after
alighting from a street car, is a question for the jury, where
there was evidence warranting findings that he first looked and
saw the approaching automobile at such a distance that he
could probably have crossed the path of the oncoming car in
time, if it had been driven at a lawful rate of speed.

[2] TRIAL (43)—CONDUCT OF COUNSEL—SHOWING INDEMNITY INSUR-
ANCE. In a personal injury case, a wilful attempt by plaintiff
to inform the jury that the defendant carried indemnity in-
surance is not shown, where, on rebuttal examination by plain-
tiff's counsel in an attempt to show inconsistent statements, the
witness started to inject that plaintiff stated "the insurance
man ——," when he was interrupted, and the jury were in-
structed to disregard it.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered October 6, 1926, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Preston, Thorgrimson & Turner,* for appellants.
*Vince H. Faben,* for respondent.

PARKER, J.—The plaintiff Demase seeks recovery of damages for personal injuries suffered by him as the

¹Reported in 258 Pac. 25.

result of the alleged negligent driving of an automobile owned by, and being driven for, the community consisting of the defendants Nemitz and wife. A trial upon the merits in the superior court for King county, sitting with a jury, resulted in verdict and judgment awarding to the plaintiff recovery against the defendants, from which they have appealed to this court.

West Spokane street, a wide arterial highway in Seattle, runs east and west, and is intersected by West Twenty-sixth street running north and south. On the south side of Spokane street, bordering the property line, is a sidewalk approximately eight feet wide. Adjoining this sidewalk on the north is a paved roadway thirty feet wide. Adjoining this paved roadway on the north is an unimproved earth surface portion of the street twenty-four feet wide, extending to the south rail of the street car tracks. To the north of the street car tracks, the street is unimproved. All of the automobile traffic, going both east and west, is over the paved portion of the street to the south of the street car tracks.

Demase got off a west bound street car which was stopped near the west pedestrian crossing of Twenty-sixth street. He walked south along the west pedestrian crossing of Twenty-sixth street to the paved roadway of Spokane street, with a view of crossing to the southwest corner of the intersection of the streets. Approximately at the time he reached the north boundary of the paved roadway, he looked to the east and saw approaching from that direction defendants' automobile, as he viewed it, at a distance of some four hundred feet away. Considering that he would have time to safely cross the roadway before the automobile arrived at his path, he proceeded, and, upon his arriving near the middle of the roadway, he was struck by the left front fender of the automobile, thrown to the

west and south, landing some considerable distance south of the middle of the paved roadway, being severely injured. It is for this injury that he seeks recovery.

The evidence is in conflict as to just how far Demase had proceeded across the roadway when he was struck, but the jury were warranted in finding from the evidence that he had then arrived at near the middle of the paved roadway. The jury were also warranted in finding from the evidence that the automobile was being driven at an unlawful rate of speed, though the evidence is in conflict upon that question. The jury were also warranted in finding from the evidence that when Demase, arrived at the north edge of the paved roadway, looked and saw the automobile approaching from the east, it was less than four hundred feet away, the distance he estimated, and still find that the automobile was at a sufficient distance away that, if driven at a lawful speed, it would not reach the west pedestrian crossing along which Demase was walking before he had ample time to cross beyond the middle of the pavement, and thus pass beyond the path of the oncoming automobile.

[1] The principal contention here made in behalf of appellants is that the evidence so conclusively shows contributory negligence on the part of Demase as to prevent his recovery in this action, and that the trial court should have so decided as a matter of law, appropriate and timely motions having been made in that behalf. No contention is here made against the conclusion of the jury, as evidenced by the verdict, that the driver of appellants' automobile was negligent, and that such negligence was a proximate cause contributing to Demase being injured. We think the contention that Demase was guilty of contributory negligence cannot be sustained, and that the facts

above summarized, which, we think, are as the jury were well warranted in viewing them and manifestly did view them, constitute all the argument necessary to negative this contention.

Counsel for appellants argue that this case is governed by our decision in *Silverstein v. Adams,* 134 Wash. 430, 235 Pac. 784. We think not. In that case it conclusively appeared that Adams stepped off the curb directly in front of an oncoming automobile from his left, which, had he looked, he would have seen was immediately upon him, and was struck by the right front fender immediately after stepping off the curb. The situation in this case is much like that involved in *Ridgeway v. Lewis,* 125 Wash. 316, 216 Pac. 355, wherein we held that the alleged contributory negligence of Lewis could not be decided against him as a matter of law, where he assumed that he could cross the pavement before the arrival of the oncoming automobile, he having seen the automobile approaching some three hundred feet away and having reason to believe, as the jury might conclude, that he could safely cross before it would arrive at his path. We conclude that it cannot be decided as a matter of law that Demase was guilty of contributory negligence, such as to prevent his recovery in this action.

[2] Contention is made in behalf of appellants rested upon the theory that, in the examination of one of the witnesses for Demase by his counsel, there was an inferential, unwarranted informing the jury that whatever recovery Demase might obtain in this case would be paid by some insurance company; that is that appellants were protected by indemnity insurance against accidents of this nature. While counsel for Demase was examining one of his witnesses in rebuttal, looking to the showing of inconsistent statements having been made by one of appellants' witnesses, the

witness being examined by counsel for Demase said: "He told me the same thing up until yesterday here in the courthouse . . . . He said the insurance man —," evidently intending to proceed to tell what was said by the other witness about some insurance man. At this point, the witness was interrupted, and, upon objection by counsel for appellants, was not allowed to proceed further, and the jury instructed by the court to disregard the remark. Clearly, we think this does not show a wilful attempt to bring into the case and to the attention of the jury the fact, if it was a fact, that appellants were protected by indemnity insurance. No other language was used during the trial suggesting insurance indemnifying appellants.

Some contention is made that the award of the jury is excessive in amount, to the extent of evidencing prejudice and passion on the part of the jury. We deem it sufficient to say that our review of the evidence does not convince us that we would be warranted in disturbing the verdict and judgment on this account.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, HOLCOMB, and FRENCH, JJ., concur.