[No. 21984.   Department Two.   December 17, 1929.]

HAROLD PEARSON, *by his Guardian ad litem Nels Pear-*
*son, Appellant,* v. REX F. ADAMS COMPANY
*et. al., Respondents.*[1]

*Wm. P. McCarthy* and *W. A. Richmond,* for appel-
lant.

*Ellis & Evans,* for respondent.

FULLERTON, J.—The appellant, plaintiff below,
brought this action against the respondent to recover
for injuries to his person and property arising out of
an automobile accident. At the trial, which was had
before the court sitting with a jury, a verdict was re-
turned in favor of the appellant. After the return of
the verdict, the respondent moved for judgment not-
withstanding the verdict, and, in the alternative, for
a new trial. The court granted the first branch of the
motion, entering a judgment of dismissal with preju-
dice.

[1]Reported in 283 Pac. 194.

The accident giving rise to the injuries occurred at the intersection of Anderson street and South Eighth street in the city of Tacoma, both streets being public streets of that city. Anderson street extends north and south from the intersection, and South Eighth street extends east and west. Each of the streets is paved for a width of thirty feet, and each is comparatively level. While there is some conflict in the evidence as to the conditions immediately surrounding the accident, the appellant's evidence tended to show that, just prior to the accident, the appellant was driving a touring car south on Anderson street, traveling between twenty and twenty-five miles per hour, and driving on his right hand side of the street; that, as he approached the intersection, he slowed down the speed of the car to fifteen miles per hour and proceeded to cross the intersection without changing his course; that, after he had crossed the middle of the intersection and was near the south side thereof, the respondent's truck, approaching from the east, crashed into the rear of his car. His evidence further tended to show that the respondent's truck was driven at an excessive rate of speed near the center of the street, that it entered the intersection without any slacking of the speed, and that it was swerved to the left just prior to striking him.

The trial court granted the motion for judgment notwithstanding the verdict on the ground that the appellant was himself guilty of negligence as matter of law. The particular reason for the conclusion reached can perhaps be better understood by quoting the language used by the trial judge when passing upon the motion. His language is as follows:

"If this case were tried again upon the same evidence, it could not go to the jury. I am convinced I should have granted the motion for nonsuit at the close

of plaintiffs' case. The testimony of the plaintiff is positive that he did not look until he got to the center of the street. The testimony and the plat shows that had he looked when he entered the intersection he could have seen down the street somewhere in the neighborhood of half a block. I am satisfied that the law is, and we may assume here that though the defendant was guilty of negligence in excessive speed or anything else, but however guilty he might have been we get back to the proposition, can the plaintiff heedlessly enter an intersection without looking at all and then if hit claim that he himself is not guilty of negligence in failing to look?''

In our opinion, the reasoning of the trial court is not applicable to that version of the facts shown by the record, which we must accept as true. It is the rule of the statute and the rule of law in the absence of statute, of course, that every driver of an automobile upon a public highway must drive in a prudent and careful manner, and that he cannot with impunity drive across the path of another automobile in such close proximity to it as to make a collision probable and unavoidable, even though he may have the right of way, but, under all ordinary situations, he has the right to assume that the other drivers will exercise the same precaution, and will not violate the rules of the road to his injury. Taking the appellant's version of the transaction, no other deduction can be drawn from the evidence than the deduction that, when the appellant entered the intersection of the streets, the respondent's truck was to his left at a considerable distance; possibly the distance of a half a block, as the trial judge intimated, down the street on which it was approaching. Had he looked before entering the intersection, and had seen the car in that situation, he would not have been guilty of negligence as matter of law in attempting to cross the intersection. The statute (Rem. Comp. Stat., § 6340, subd. 6) gave him the right

of way, and required the driver of the respondent's car to yield to him that right of way. He had the right to assume that the driver would obey the law; that he would, before reaching the intersection, return to his proper side of the road, and would slow down the truck to the lawful speed limit. Manifestly, if he could cross over the intersection without being guilty of negligence as matter of law had he looked and had seen the truck in its then situation, it is not such negligence to cross without having looked; this for the reason that the failure to look cannot be said to be the proximate cause of the accident.

It is possibly true that, had the appellant, in this instance, seen the respondent's car, as it approached the street crossing, and had stopped and waited until it passed, he would have escaped injury. And it is possibly true that, in most instances of the kind, the careful and prudent driver will stop and give way to the approaching car rather than take the risk of injury. But these considerations do not measure the legal rights of the parties. To so hold is to hold that a driver of a motor car may drive it upon a public highway at any place he pleases and at any speed he pleases, and be responsible to no one who can by any possibility keep out of his way. This should not be the rule. The casualty list arising from the careless and reckless driving of motor vehicles is now sufficiently high to be alarming, even with the deterrent effect of civil liability, and a relaxation of the rule of liability should not be countenanced by the courts.

It is our conclusion that the trial court erred in granting a judgment notwithstanding the verdict, and its judgment will be reversed, and the cause remanded for further proceedings.

MITCHELL, C. J., MAIN, FRENCH, and HOLCOMB, JJ., concur.