[No. 24068. Department Two. November 28, 1932.]

CHARLES HITESHUE *et al., Respondents,* v. DANA T.
ROBINSON *et al., Appellants.*[1]

[1]Reported in 16 P. (2d) 610.

*F. A. Latcham,* for appellants.

*H. P. Jones* and *J. Charles Dennis,* for respondents.

BEALS, J.—During the month of September, 1931, plaintiffs resided at the southwest corner of Broadway and south Fourth street, Tacoma. At about a quarter after eight o'clock on the evening of September 8, plaintiff Etta Hiteshue started to walk from her home easterly across Broadway, and, while crossing the street, was struck by defendants' automobile, driven by defendant Dana T. Robinson. The night was clear and the street lights were on, the pavement was dry, and automobiles were parked along each side of the street. Broadway is a paved street, bearing the rails of a single street car track in the center. Mrs. Hiteshue, having crossed approximately nineteen feet of the street, paused to allow an automobile proceeding northerly to pass, and, while at or near the westerly rail of the street car track, was struck and seriously injured by defendants' automobile, which was proceeding along Broadway in a southerly direction.

Plaintiffs brought this action to recover damages on account of the injury suffered by Mrs. Hiteshue, and the cause, being tried to a jury, resulted in a verdict in plaintiffs' favor. From a judgment entered on this verdict, defendants appeal.

Appellants assign error on rulings of the trial court refusing to grant their motion for a nonsuit or for a directed verdict; upon the giving of certain instructions to the jury; upon the overruling of their motion for judgment in their favor notwithstanding the verdict, or in the alternative for a new trial; and upon the

rendition of judgment against them upon the verdict of the jury.

In support of their first two assignments of error, appellants argue that, from the evidence, it should be held that Mrs. Hiteshue (who will hereinafter be referred to as the respondent) was guilty of contributory negligence, as matter of law.

It is admitted that respondent was within the pedestrian crossing at the time she was struck. The city ordinance granting to pedestrians the right of way at cross-walks, and limiting to fifteen miles an hour the speed of automobiles at obstructed intersections, it being admitted that the intersection of south Fourth and Broadway is within that classification, was admitted in evidence.

Respondent testified that, before stepping into the paved portion of the street, she looked up the street in the direction from which appellants' car was coming, and, seeing no approaching vehicle, proceeded to cross the street. She testified that she looked again while crossing the street, and did not see appellants' car. Respondent was sixty-nine years of age, short in stature and heavy, and it clearly appears that she was walking rather slowly. She had proceeded approximately nineteen feet on her way across the street before she was struck.

There is testimony in the record to the effect that appellants' car was traveling without lights, and was proceeding at approximately thirty-five miles per hour. The jury may have concluded that, at the time respondent started to cross the street, appellants' car was so far from the crossing that respondent might well have failed to observe it or, in the exercise of reasonable care, to consider it in anywise a menace to her safety.

Mr. Robinson (who will be referred to herein as though he were the sole appellant) testified that, on the night in question, he could see the crossing for a distance of one hundred fifty feet; that he saw respondent just as she stepped off the curb; that she was proceeding at an ordinary gait; and that his car was proceeding at not more than twenty-five miles an hour when he entered the intersection. He also testified,

"I put on the brakes about the time I saw her; not hard, because I thought she would look around, but she was not looking at me, and when I saw that I put them on."

It clearly appears that respondent was struck with great violence, and that the injuries which she suffered were severe. Appellant did not contend that he sounded his horn, or that any audible warning of his approach was given until his brakes squeaked as he applied them, as he stated, when he became aware that respondent had not seen him.

In connection with this part of his argument, appellant cites the cases of *Shanley v. Hadfield,* 124 Wash. 192, 213 Pac. 932; *Bracha v. Spokane etc. Ry. Co.,* 128 Wash. 324, 222 Pac. 477; and *Silverstein v. Adams,* 134 Wash. 430, 235 Pac. 784. In the case last cited, it is noted that the plaintiff was struck by an automobile "just as he stepped from the curb," and it was held that the plaintiff was guilty of contributory negligence. The court held that the plaintiff would not be heard to say that, before stepping on to the paved portion of the street, he had looked in the direction from which the automobile which injured him was actually approaching, and had not seen the same. In the course of the opinion, this court said:

"A number of times this court has held that, when a person testifies that he looked and did not see an

object, which plainly he could have seen, that he will not be heard to say that he looked and did not see. In other words, the situation is the same as though he had looked and seen the object.''

The principle upon which the cases cited by appellant were decided is not applicable here; as, from the testimony, the jury might have concluded that, when respondent started to cross the street, appellant's automobile was so far from the crossing as not to be noticeable to respondent, and that, if the jury believed that appellant's car was proceeding without lights, respondent might well, under all circumstances of the case, have failed to observe the same. Under these circumstances, it cannot be held, as matter of law, that respondent was guilty of contributory negligence, and, that issue having been submitted to the jury under proper instructions, appellant's first two assignments of error are without merit. *Demase v. Nemitz,* 144 Wash. 404, 258 Pac. 25; *Fisher v. Tacoma Ry. & Power Co.,* 148 Wash. 122, 268 Pac. 180; *Child v. Hill,* 149 Wash. 468, 271 Pac. 266; *Anderson v. Grandy,* 154 Wash. 547, 283 Pac. 186; *Pearson v. Adams Co.,* 154 Wash. 630, 283 Pac. 194.

■ Appellant complains of four instructions given by the trial court. In this connection, it must be remembered that it is admitted that, by city ordinance, an automobile crossing the street intersection in question should not proceed at over fifteen miles an hour, and that there is evidence in this record from which the jury may have found that appellant's car was proceeding at a higher rate of speed, one of appellant's own witnesses estimating the car's speed at over thirty miles per hour. Appellant testified that he could have stopped his car within approximately twenty-five feet, and that he was this much or more distant from respondent when he saw her on the cross-walk in what

was clearly a position of danger, assuming that she was unaware of the approach of appellant's automobile. Appellant did not contend that he sounded his horn or gave any warning of his approach.

By instruction No. 2, the trial court informed the jury concerning the ordinance of the city of Tacoma according to vehicles the right of way between intersections and to pedestrians the right of way at crossings. In the course of the instruction, the court said:

"A pedestrian under the ordinance of the city of Tacoma has the right of way at a cross-walk or a designated cross-walk. A pedestrian who has entered upon a cross-walk has the right to presume that as long as he proceeds in the ordinary way over and upon said cross-walk, that the operator of any automobile will obey provisions of the above ordinances and will so operate his car as not to run into him, and if the operator of the automobile fails to so operate his car, then in that event he is negligent."

Appellant contends that the instruction absolved the pedestrian from using ordinary care, disregards the doctrine of contributory negligence, and makes the driver of an automobile an absolute insurer of the safety of the pedestrian. Counsel criticizes that portion of the instruction which refers to the assumption in which the pedestrian may indulge "as long as he proceeds in the ordinary way" over the crossing, and contends that the instruction is too vague, and fails to define any duty on the part of the pedestrian.

While the instruction is not to be commended, we find no reversible error therein. Under the circumstances of this case, the jury could not have failed to understand the instruction, and the giving thereof finds support in the opinion of this court in the case of *Jurisch v. Puget Transportation Co.*, 144 Wash. 409, 258 Pac. 39.

By instruction No. 4, of which appellant complains, the jury were instructed that the state law required that every automobile should be equipped with headlights "sufficient to reveal objects at least one hundred and fifty feet ahead thereof," etc., as provided in Laws of 1921, p. 268, § 22 (Rem. Comp. Stat., § 6334). Appellant argues that this section has been repealed by Laws of 1927, p. 788, § 22, as amended by Laws of 1929, p. 440. Appellant testified that he could see the crossing from a point one hundred fifty feet distant therefrom. He also maintained that his lights were on. It is not contended that appellant's car was not equipped with lights, the only dispute in the evidence in that connection being whether the lights were on or off. Under the testimony, the instruction, even if technically erroneous, was clearly without prejudice, and we find it unnecessary to determine whether or not the section of the statute upon which the instruction was based was actually in force at the time of the accident.

Instruction No. 5, of which appellant complains, reads as follows:

"I charge you that it is the duty of a person operating a motor vehicle, on approaching the intersecting street, and also in traversing the intersecting street, to have said motor vehicle under control and operated at such speed as is reasonable and proper, having regard to the use of the street by others, including pedestrians. If you find that defendant upon the night in question, while proceeding along Broadway in a motor vehicle and approaching north 4th street, did not have his motor vehicle under control, and did not operate it at such speed as was reasonable and proper, having regard to the use of the street by others, including plaintiff, then said defendant violated the law, and would be, in law, deemed to be negligent."

Appellant contends that this instruction is vague and indefinite, in that it fails to define the word "control" as applicable to the facts of the case at bar; that there is no evidence to the effect that appellant's car was out of control or that his brakes were defective or the steering gear faulty. Appellant argues that this instruction tended to confuse the minds of the jury, and invited them to speculate and conjecture as to the meaning of the instruction and to infer therefrom that appellant was negligent. No error is assigned by appellant based upon the failure of the trial court to give any instructions which appellant requested. Appellant excepted to the instruction upon the ground that the same was vague and indefinite and did not state the meaning of the word "control."

The instruction is not obnoxious to the objections urged by appellant. It is impossible to imagine that the jury failed to understand the idea which the court intended to convey to them by the use of the word "control," and we conclude that appellant's objection to instruction No. 5 is without merit.

Finally, appellant objects to instruction No. 6, by which the court advised the jury concerning the doctrine of the last clear chance, contending, upon an appropriate exception, that there is nothing in the evidence upon which the doctrine of the last clear chance can be predicated. Appellant argues that, if respondent was negligent, her negligence had not terminated at the time of the collision. It is, of course, true that respondent did not admit that she was in anywise negligent, but under appellant's own testimony, the instruction was proper and he cannot complain thereof.

We find no error in any of the instructions of the trial court of which appellant complains.

No reason having existed for granting appellant's motion for judgment notwithstanding the verdict, or for a new trial, the trial court did not err in denying the same.

Finding no error in the record, the judgment appealed from is affirmed.

TOLMAN, C. J., MAIN, HERMAN, and STEINERT, JJ., concur.